The State, *ex rel.* Clifford, *v.* McMullen.

---

THE STATE, EX REL. CLIFFORD, *v.* McMULLEN.

OFFICE.—*Township Trustee.*—*Vacancy.*—The facts that a township trustee, who was a candidate for re-election, and the opposing candidate each received at the election an equal number of votes, and the trustee neglected or fraudulently refused to discharge the duties required of him by law in case of a tie vote, did not create a vacancy in the office or authorize the county auditor to make an appointment to fill such office.

From the Hamilton Circuit Court.

*T. J. Kane* and *A. F. Shirts*, for appellant.

PETTIT, J.—This was an information under our statute,. which takes the place of the common law writ of *quo warranto*, by the appellant against the appellee, to oust him from the office of township trustee, and to place the relator in possession thereof; and this is the information entire :

" The plaintiff complains of the defendant, and says that said defendant, on the 8th day of October, 1870, to wit, on the second Tuesday of October, 1870, was duly elected trustee in and for Jackson township, in Hamilton County, in the State of Indiana, for the term of one year from said second! Tuesday in October, 1870, or until his successor should be elected and qualified; that the term of office of said defendant, by virtue of certain statutory provisions thereafter passed by proper authority, said term of office of trustee did. not expire until the — day of October, 1872, or the second Tuesday of October, 1872, at which last named date there was a general election held in said county of Hamilton, in the State of Indiana, for state, county, and township offices ;. that the defendant and one Matthew Wright were both candidates at said election for township trustee in said township of Jackson, in said county of Hamilton, in the State of Indiana, and that they each of them at said election received an equal number of votes, and a greater number of votes. than any other persons at said election for said office of trustee ; that said defendant, being then trustee and by provisions of the statute being the president of the election board in said township, unlawfully, wilfully, and corruptly, failed, neglected, and refused either to call together the board of commissioners, or to notify the said Matthew Wright that said vote was a tie vote as between him and the said Matthew Wright, and determine the same by lot; he also failed to certify to the county clerk the facts above set forth, for the fraudulent purpose of preventing said election to be perfected in manner and form as provided by law, and for the further purpose of affording a pretence to said defendant to continue to act as trustee of said township by virtue of his said election in 1870. The said defendant also failed

to avail himself of the statutory provisions for contesting in manner and form the election of said Wright; and the plaintiff further avers that afterward, to wit, on the 28th day of October, 1872, the above and foregoing facts being placed before Elisha Mills, the then auditor of Hamilton county, who is and was by law at that time authorized and required to fill all vacancies in the office of township trustee in his said county, having determined that a vacancy existed in said office of trustee in said township in said county, issued to the plaintiff his certificate of appointment to said office, a copy of which is filed herewith.

"'Auditor's Office, Noblesville, Hamilton County, Ind., Oct. 28th, 1872. This is to certify that I, Elisha Mills, auditor in and for said county, have this day appointed Luther O. Clifford to be trustee of Jackson township, in said county, to fill a vacancy now existing in said office, and to serve as such trustee until the next general election, and until his successor is elected and qualified. In witness whereof I have hereto set my hand and official seal this 28th day of October, 1872.

"' ELISHA MILLS, Auditor of Hamilton County.'

" That the plaintiff immediately, and within ten days from said appointment by said auditor, filed his bond and qualified preparatory to entering upon the duties of said office, and called upon and demanded of the defendant all books, papers, and other property belonging to said township, with which said demand the defendant failed and refused to comply; and that said defendant, without qualifying or giving bond anew, still claims to be trustee of said township and wrongfully and corruptly continues to discharge the duties of said office and receive the fees and emoluments of said office, and unlawfully keeps the plaintiff out of the possession of the same, thereby usurping said office; wherefore the plaintiff asks the court to issue a writ of *quo warranto* against the defendant, to show cause why he does not deliver said books and papers to said plaintiff, and why he intermeddles with said office; and on the final hearing of said cause the plaintiff asks that said defendant be compelled to

deliver to the plaintiff all books and papers now in his hands, belonging to said township, and asks for other proper relief."

This information was sworn to by the relator. A demurrer for want of sufficient facts was sustained to the information, and the correctness of this ruling is the only question in the case. The appellee has furnished us no brief or suggestion as to the insufficiency of the information, but the counsel of appellant says that the court sustained the demurrer because there was no vacancy in the office, and cites *Howard* v. *The State, ex rel. Vawter,* 10 Ind. 99, as an authority in point. That was a mandate against the clerk to compel him to issue a certificate, which the law made it his duty to do, while this is an information to remove a man from office and install another in it. There is no analogy between the two cases. A township trustee is to hold his office till his successor is elected and qualified. 1 G. & H. 637, sec. 5. This section has been changed or repealed only as to the time of holding the election, which is from April to October. 3 Ind. Stat. 233, sec. 2.

The failure of an officer to do his duty may be a cause for his removal, but it does not of or by itself remove him or create a vacancy in his office. Perhaps a mandate might have been enforced against the appellee to compel him to do the acts which it is alleged he ought to have done but failed to do, but his failure to do them did not make his office vacant. We hold that the office was not vacant, and that the appointment of the auditor was a nullity.

The court committed no error in sustaining the demurrer to the information.

The judgment is affirmed, at the costs of the relator.