THE PEOPLE EX REL. V. OSBORNE.

1. A comparison of section 2 of the statute establishing the State Industrial School with section 6 of article 4 of the constitution, shows that while an officer appointed to fill a vacancy by virtue of the provisions of the statute holds the office for the unexpired term of his predecessor, one appointed under the provisions of the constitution holds only until the next meeting of the senate.

2. There being no constitutional restrictions imposed, it is competent for the legislature to provide the manner of making original appointments, the terms of office, how vacancies shall be filled, and when the term of an incumbent appointed to fill a vacancy shall expire.

3. It is a fundamental rule of interpretation that every law is adopted as a whole; and a clause which, standing by itself, might seem of doubtful import, may yet be made plain by comparison with other clauses or portions of the same law. The intent and purpose of a law is to be considered in its interpretation.

4. The word vacancy has no technical or peculiar meaning, as used in the statute (Laws 1881, p. 132, sec. 2); it means empty and unoccupied, as applied to an office without an incumbent. An office is not vacant while any person is authorized to act in it, and does so act.

*Error to District Court of Jefferson County.*

THE facts are stated in the opinion.

Attorney-General D. F. URMY and Messrs. MARKHAM, PATTERSON and THOMAS, for plaintiff in error.

Mr. J. H. BROWN, for defendant in error.

BECK, C. J.   The legislature of 1881 passed an act establishing a state institution to be styled the State Indus-

trial School. The second section of the act provides that:

"Sec. 2. The general supervision and government of said industrial school shall be vested in a board of control, who shall be appointed by the governor, by and with the advice and consent of the senate, the members of which board shall hold their offices for the respective terms of two, four and six years from the 1st day of March, A. D. 1881, and until their successors shall be appointed and qualified, and thereafter there shall be one of said board appointed every two years, whose term of office shall continue for six years, or until his successor is appointed and qualified; and whenever any vacancy shall occur in said board by death, resignation or otherwise, the governor shall fill the same by appointment, and the appointee shall hold only for the unexpired term of the person whose place he is appointed to fill." Session Laws Col. 1881, p. 132.

The act was approved on the 12th day of February, 1881, and on the next day, the legislature being in session, the governor of the state, by and with the consent of the senate, appointed one A. L. Emeigh a member of the board of control of said industrial school for the term of two years, to hold and occupy said office from the 1st day of March, 1881.

The appointee qualified and performed the duties of the office up to the 13th day of November, 1882, when he resigned, and the defendant in error, Osborne, was appointed by the governor to fill the vacancy. The term of office to which the said Emeigh had been appointed expired on the 1st day of March, 1883, but through oversight, no nomination for a successor to the then incumbent, Osborne, was sent to the senate, which convened in the month of January, 1883; consequently no successor was appointed at that session. After the adjournment of the general assembly, to wit, on the 14th day of June, the governor appointed the relator, C. P.

Butler, a member of said board of control, in place of said Osborne, on the theory that the term of the latter had expired, and that a vacancy existed by reason of the failure of the governor and senate to appoint a successor.

Butler qualified and demanded the office, but Osborne refused to surrender the possession thereof, and the present action is brought to test the question, who is entitled to exercise the functions of said office.

A demurrer was filed to the complaint, alleging that it did not contain facts sufficient to constitute a cause of action. The district court sustained the demurrer and dismissed the complaint.

The pleadings present two principal questions for our consideration, viz.:

1st. Do the provisions of the constitution concerning appointments to office, and appointments to fill vacancies in office, control in the present case, or do the provisions of the statute establishing the industrial school control such appointments?

2d. Did a vacancy exist in the office in question at the time of the appointment of the relator, C. P. Butler?

Section 6 of article IV of the constitution is as follows:

"The governor shall nominate, and, by and with the consent of the senate, appoint all officers whose offices are established by this constitution, or which may be created by law, and whose appointment or election is not otherwise provided for, and may remove any such officer for incompetency, neglect of duty or malfeasance in office. If, during the recess of the senate, a vacancy occur in any such office, the governor shall appoint some fit person to discharge the duties thereof until the next meeting of the senate, when he shall nominate some person to fill such office. If the office of auditor of state, state treasurer, secretary of state, attorney-general or superintendent of public instruction shall be vacated by death, resignation or otherwise, it shall be

the duty of the governor to fill the same by appointment, and the appointee shall hold his office until his successor shall be elected and qualified in such manner as may be provided by law. The senate, in deliberating upon executive nominations, may sit with closed doors, but in acting upon nominations they shall sit with open doors, and the vote shall be taken by ayes and noes, which shall be entered upon the journal."

A comparison of the foregoing provisions of the constitution with those of sec. 2, *supra*, of the statute, shows that while an officer appointed to fill a vacancy by virtue of the provisions of the statute holds the office for the unexpired term of his predecessor, one appointed under the provisions of the constitution holds only until the next meeting of the senate.

It is evident, then, that if the offices in question had been created by the constitution, the statutory provisions for the filling of vacancies would be in conflict with the constitutional provisions on the same subject, and, to the extent of the variance, the statute would be void. But these offices were not created by the constitution but by the statute, nor can it be said that the constitution has provided either for original appointments to fill the offices, or for appointments to fill vacancies in said offices, since both events are "*otherwise provided for*" by the statute. This being so, the fundamental principle obtains, that the legislature has unlimited power in regard to legislation, save only as to restrictions imposed by the constitution. *Thorpe v. Rutland & Burlington R. R. Co.* 27 Vt. 140, 142; Cooley's Constitutional Limitations, p. 107.

There being no constitutional restrictions imposed in this instance, it was entirely competent for the legislature to provide, as it has done, the manner of making original appointments, the terms of office, how all vacancies shall be filled, and when the term of an incumbent appointed to fill a vacancy shall expire.

This view of the subject is in harmony with the rule announced by this court in the case of *People, etc. v. Rucker,* 5 Col. 455.

We proceed now to the second inquiry. Did a vacancy exist in the office in question at the time of the appointment of Butler?

This inquiry involves a construction of sec. 2 of the statute establishing the industrial school.

This section provides that the members of the board of control shall be appointed by the governor, by and with the advice and consent of the senate, during the session of the general assembly, the appointees to hold their offices for the respective terms of *two, four* and *six* years from the 1st day of March, 1881, "*and until their successors shall be appointed and qualified.*" This provision covered the case of Emeigh, who was appointed for the term of two years.

The following provision covers the case of Osborne, his successor: "Whenever a vacancy shall occur in said board by death, resignation or otherwise, the governor shall fill the same by appointment, and the appointee shall hold only for the unexpired term of the person whose place he is appointed to fill."

What is the meaning of the clause, "and the appointee shall hold only for the unexpired term," etc.?

Counsel for the relator say this is a limitation imposed upon incumbents appointed to fill vacancies, restricting them to the unexpired terms simply, thus denying to this class of incumbents the conditional extensions vested in original appointees by the words, "and until their successors shall be elected and qualified."

Counsel for defendant in error say this construction is unwarranted, and argue that Osborne, upon his appointment and qualification, became entitled to hold the office in the same manner and to the same extent of term that his predecessor might have held it, including the conditional extension mentioned.

In our judgment the latter view is the correct one. It is sustained both by the words of the statute, taken in their obvious and ordinary signification and import, and by the evident intention of the framers as collected from the context.

It is a fundamental rule of interpretation that every law is adopted as a whole; and a clause which, standing by itself, might seem of doubtful import, may yet be made plain by comparison with other clauses or portions of the same law. Cooley's Const. Lim. p. 70.

The intent and purpose of a law is to be considered in its interpretation, and this intent may be ascertained from the words employed, and by viewing and comparing together the whole and every part of the act. 1 Kent, 462. Viewing the act in the light of these familiar principles, the purpose and meaning of the phrase "*shall hold only for the unexpired term of the person whose place he is appointed to fill*," is plain and unambiguous.

The terms of the first incumbents were made to consist of different periods, so that one term would expire every two years, dating from the 1st day of March, 1881. All terms thereafter were to be six years. This arrangement made it the duty of the governor, by and with the advice and consent of the senate, to appoint a successor for one member of the board at each session of the General Assembly, said body convening in regular sessions on the first Wednesday in January of each alternate year.

In order to carry out this system of biennial appointments and successions, it was necessary, in the first place, to provide for filling vacancies; and, in the second place, to limit the terms of such appointees to the unexpired terms of their predecessors.

If no provision had been made in the statute for filling vacancies, then the constitutional regulation would have been in force, and such appointees would hold only until the next meeting of the senate. This might operate to nullify the system of appointing one member of the board

at each session of the general assembly, and require the appointment of two members at the same session.

Again, if incumbents appointed to fill vacancies were not limited to unexpired terms, the plan of biennial appointments provided by the statute might be defeated by the issuing of commissions to end at different intervals from those specified in the act. Or, if such appointees were restricted to the balance of a calendar term, it would, as suggested by counsel for defendant in error, afford an opportunity to executives to defeat the will of the legislature by withholding nominations from the senate when in session, thus creating vacancies, which they could afterwards fill without the advice and consent of the senate.

The evident intent of the legislature was to guard against such consequences. The provision extending the term of office until a successor shall be appointed and qualified is usual in constitutional and statutory enactments of this character. The object is to prevent any inconvenience that otherwise might arise from a vacancy in an office occurring after the expiration of a term and before the qualification of a successor.

It is to be presumed that the usual object was sought to be attained in the present instance, and, if this be so, precisely the same reason exists for extending the provision to unexpired terms as to full terms of service.

Viewing the subject in accordance with the principles announced and in the light of the context, the clause, "and the appointee shall hold only for the unexpired term of the person whose place he is appointed to fill," means simply that an officer appointed to fill a vacancy shall not hold for a full term, but shall retain the office for the same time that his predecessor might have retained it, and no longer.

This view harmonizes the tenure of office with the system of appointments provided by the statute, and renders the whole consistent and effectual.

It follows that Osborne, upon his appointment and qualification as the successor of Emeigh, succeeded to all the duties, rights and privileges of his predecessor, and thereafter bore the same relation to the office as did his predecessor.

What, then, is the import of the term *vacancy*, employed in the statute? The supreme court of Indiana has said that this word has no technical or peculiar meaning as used in the statute of that state; that it means empty and unoccupied, as applied to an office without an incumbent. *Stocking v. The State*, 7 Ind. 326.

We entertain the same opinion respecting the legal signification of the term as it is used in our statute. Section 2 of the act of 1881 only authorizes an appointment by the governor, *without* the consent of the senate, when necessary to fill a vacancy in the board of control arising from *resignation, death*, or otherwise. Whatever the contingency may be, it must occasion a *vacancy* in the office, or the power of appointment by the governor alone does not exist.

It was decided in *Tappan v. Gray*, 9 Paige, 506, that an office is not vacant while any person is authorized to act in it, and does so act.

In the case of *The People ex rel. Parkinson v. Bissell*, 49 Cal. 407, the statute provided that appointments to the office of inspector of gas meters should be made by the governor, with the consent of the senate, except when made to fill vacancies, and that incumbents in office should continue to discharge the duties thereof until their successors were qualified. Upon the theory that Bissell's term of office had expired, the governor, during the recess of the senate, appointed Parkinson to fill the vacancy, although Bissell still continued to discharge the duties thereof. The latter refused to surrender the office, and an information setting out the facts was filed in behalf of Parkinson, charging that Bissell was an usurper and intruder into the office of "inspector

of gas meters." The court held, upon demurrer to the information, that if Bissell's term of office had in fact expired, so long as he continued to discharge the duties there was no vacancy in any sense which would authorize the governor to fill the office without the consent of the senate.

To the same effect is the case of *The State ex rel. Clifford v. McMullen*, 46 Ind. 307, where the auditor of a county, who was authorized by statute to fill vacancies in the office of township trustee, determined that a vacancy existed in that office, by reason of the failure to elect a successor at the general election (the two candidates therefor getting each the same number of votes), and appointed a successor. The incumbent being authorized by statute to hold the office until his successor should be elected and qualified, refused to deliver up the books and papers, and continued to perform the duties of the office. The court held there was no vacancy, and that the appointment of the auditor was a nullity.

It is clear to our minds, from the language of the statute, that no vacancy existed in the office of member of the board of control of the State Industrial School at the time of the appointment of the relator, and this conviction is confirmed by the reasons assigned and the authorities cited.

It is unnecessary to discuss the remaining proposition of the relator, that his appointment may be justified under the power of removal vested in the governor. No such fact is alleged in the information, and it cannot be supplied on demurrer charging that the complaint does not state facts sufficient to constitute a cause of action. The judgment is affirmed.

*Affirmed.*