Thomson, P. J.,
delivered the opinion of the court.
On the 16, day of February, 1893, B. S. La Grange was a duly appointed, qualified and acting member of the state board of agriculture. On that day his excellency Davis H. Waite, governor of the state of Colorado, addressed a communication to Mr. La Grange, which, after reciting certain proceedings with which Mr. La Grange was connected, in relation to the location and leasing of agricultural college lands, concluded as follows:
*177 “ As at the time these lands were selected you were and still are a member of the state board of agriculture, and as by your wrongful act, the agricultural college fund has been deprived of a large revenue, that otherwise would have accrued to the benefit of said college, you are hereby removed from your position as member of the state board of agriculture for malfeasance in office.
“ I am, my dear sir,
“ Yery respectfully,
“ Your obedient servant,
“ Davis H. Waite,
“Governor of Colorado.”
No charges had been preferred against La Grange, and the action was taken without a hearing, and without any previous notice to him. On the 3, day of April, 1893, the governor, by and with the consent of the senate, on the theory that Mr. La Grange had been lawfully removed, appointed the relator, Joseph S. McClelland, to fill the vacancy occasioned by the removal. After the action of the governor im attempting to remove him, Mr. La Grange ceased to exercise the duties of his office, and the relator acted as a member of the board of agriculture until the 30, day of July, 1896. On the 24, day of September, 1895, Mr. La Grange died; and on the 30, day of July, 1896, a portion of the members of the board of agriculture, present at a meeting called for the purpose, elected the respondent, Aaron Benson, a member of the board to fill the vacancy caused by the death of Mr. La Grange. The respondent thereupon entered into the office to the exclusion of the relator, and has since been performing its duties and enjoying its privileges and emoluments. This action was brought in the name of the people to try the title to the office. The trial resulted in a judgment ousting the respondent, and awarding the office to the relator, from which the respondent has prosecuted error to this court.
The first question for consideration goes to the validity of *178 the appointment of the relator, and therefore, also, necessarily involves the legality of the removal of La Grange. If the action of the governor in assuming to remove La Grange was unauthorized, there was, in law, no removal, and consequently no vacancy to fill; and the appointment of the relator to fill a vacancy which did not exist was nugatory. The act establishing the state board of agriculture, and defining its duties, contains the following provisions :
“ Sec. 1. That a board is hereby constituted and established which shall be known by the name and style of ‘ The State Board of Agriculture.’ It shall consist of eight members besides the governor of the state- and the president of the state agricultural college, who shall be ex officio members of the board. The governor, by and with the consent of the senate, on or before the third Wednesday of January of each biennial session of the general assembly, shall appoint two members of the board to fill the vacancies that shall next occur, which vacancies shall be so filled that at least one half of the appointed members of the board shall be practical farmers.
“ Sec. 2. The state board of agriculture shall be a body corporate, capable in law of suing and being sued; of taking, holding and selling personal property and real estate; of contracting and being contracted with; of having and using a corporate seal; and of causing to be done all things necessary to carry out the provisions of this act.
“ Sec. 3. Any vacancy in the said board, caused by death, resignation or removal from the state, may be filled by a majority of the members. A majority shall be a quorum for the transaction of business.’’ General Statutes, 1883, p. 124. Mills’ Ann. Stats, secs. 55, 56, 57.
The act contains no provision for the removal in any manner, or by any authority, of any member of the board. If a power to remove Mr. La Grange was lodged in the governor, it must be found outside of this statute. From what source the governor conceived that his authority, in this instance, was derived, he did not indicate in his order of removal; but *179 unless it is conferred by the constitution, or by some statute, it has no existence. The following is found in section 6, article 4, of the constitution:
“ The governor shall nominate, and by and with the consent of the senate, appoint all officers whose offices are established by this constitution, or which may be created by law, and whose appointment or election is not otherwise provided for, and may remove any such officer for incompetency, neglect of duty or malfeasance in office.”
This is the only provision of the constitution which has any bearing on the question. But it has been decided by our supreme court that an office, appointment to which is' provided for and regulated only by statute, does not come within this constitutional provision. People v. Osborne, 7 Colo. 605; Trimble v. People, 19 Colo. 187. Appointment to this office, which owes its existence to statutory law, is provided for only by statute; and the action taken by the governor in making the removal, therefore, finds no support in the constitution.
The only general statutory provision relating to the power of the governor to effect removals from office is the following:
“ The term of office of all state officers hereafter appointed by the governor, except those whose terms of office are otherwise fixed by law, shall commence on the first Wednesday of April next after their appointment, and shall continue for the term of two years, subject to the right of the governor, at any time, to remove such incumbents for incompetency, neglect of duty, or malfeasance in office.” Session Laws, 1885, p. 330.
It may be doubted whether members of the board of agriculture are state officers within the meaning of the foregoing provision; but if they are, as their terms of office are not directly fixed by^ the act creating the board, it may be that they are removable by the governor. But whether the provision is applicable-'or not, the removal of Mr. La Grange is not justifiable under it. If it is inapplicable, of course it cannot be invoked as authority for the removal. *180 If it is applicable, tlie summary action of the governor is still indefensible. The statute confers no power of amotion upon the governor except for causes which it specifies. The authority is not discretionary, but is controlled by the language of the law conferring it; and it cannot be validly exercised except in conformity with the statute. Where a removal can be made only for some specified eause, there must be a charge against the officer whose removal is proposed ; there must be something in the nature of a judicial investigation of the charge; notice must be given to the accused of what he is charged with, and of the time and place of the hearing; and he must be accorded an opportunity to make his defense. Board of Aldermen v. Darrow, 13 Colo. 460; Dullan v. Willson, 53 Mich. 392; People v. Carver, 5 Colo. App. 156.
The removal in this case was ex parte. Mr. La Grange had no notice or knowledge that it was contemplated, until he was advised that it was consummated. The -governor’s action in the premises was, therefore, void; and Mr. La Grange was not removed, but remained a member of the board of agriculture until his death, notwithstanding he ceased to exercise the duties of the office, and notwithstanding the relator took it upon himself to assume them.
But the election of the respondent to fill the vacancy caused by the death of Mr. La Grange,, was likewise void. By the terms of the statute, such a vacancy could be filled only by a majority of the members. The board consisted of ten members, — eight holding by appointment from the governor, and the remaining two ex oficio. At the meeting which assumed to elect the respondent, there were present only five members, four of whom voted for him, and one against him. There was not a majority of the members present at the meeting. There was therefore, no valid election.
In this proceeding it is the title of the person exercising the office that is primarily to be inquired into. If he is unlawfully in possession, judgment must go against him; and *181 if it appears that another is rightfully entitled to the office, judgment in his favor may be awarded at the same time. Chap. 27, Mills’ Ann. Code. In this case the relator and the respondent were equally without title.
The judgment, in so far as it was a judgment of ouster against the respondent, was correct; but in so far as it awarded the office to the relator, it was erroneous. It will therefore be reversed and remanded, with instructions to the lower, court to enter a judgment in conformity with this opinion. . .

Reversed.