Bissell, J.,
delivered the opinion of the court.
We do not regard the question presented by this appeal as open to discussion. The supreme court has practically settled the proposition and we have only to state our opinion that this case falls directly within its adjudications. The charter of the city of Denver, passed in 1893, and found in the Session Laws of that year, pp. 131 and 172, provides for the creation of a department of public health and safety. Section 45 of the act authorizes the governor with the advice and consent of the senate to appoint three commissioners for a specific term. In this connection we call attention to the first paragraph of section 45, because its peculiar construction coupled with the suggestion of the court in the case referred to hereafter, affords to our mind an unanswerable argument as to the applicability of the case about which counsel differ. The second sentence in that section gave the governor authority in the vacation of the senate to “ fill vacancies by appointments in writing,” and provided that “ all appointments ” by the governor should be made with the power of suspension and removal. The second sentence thereafter in the same paragraph prescribes the political character of the membership of the board and provides that “ all of said appointments shall be made to expire on the second Tuesday in April.” This sentence concludes the first subdivision'of section 45. *320 On the 8th of March, 1894, there was a vacancy in this department in the office of fire commissioner and the executive, the senate not being in session, appointed Dennis Mullins to fill the place. Mullins entered on the discharge of his duties and was in office when the legislature met in the following January at which time the then governor went out of office. The incoming executive assuming that there was a vacancy because there had been a failure to send the nomination into the senate appointed the appellant Church on the 21st of February, for the unexpired term, to wit: until the second Tuesday in April and for the full term following. Church assumed the duties of his office against the objection and protest of Mullins, and having received the salary for that period, to wit: from the 21st of February to the 9th of April, Mullins brought this suit for it. The only issue with which we are concerned was presented by allegations setting up the failure on the part of the governor to send Mullins’s nomination into the senate for confirmation, and the subsequent appointment of Church. A demurrer to the answer was sustained and this appeal resulted.
The whole discussion is rested on what is assumed to be the proper construction of section 6, article 4, of the constitution, which provides generally that the governor shall nominate; and by and with the consent of the senate, appoint all officers whose offices are provided for by the constitution or not otherwise provided for by law. The subsequent portion of the section provides that in case the governor shall nominate to fill a vacancy in an office to which this article is applicable, he shall only appoint until the next meeting of the senate, when he shall send the nomination in for confirmation. The contention is that the failure on the part of the governor to send the nomination into the senate resulted in the vacation of the office held by Mullins, and the creation of a vacancy which the incoming executive was authorized to fill. As we read the case this whole matter has been settled adversely to the appellant in The People ex rel. v. Osborne, 7 Colo. 605. The decision was with reference to *321 another office, bnt this article of the constitution was the subject of discussion, and was construed by the court to be only applicable to those cases where the office in question has been provided for by the constitution, or the method of appointment has been otherwise established. In that case the statute which created the State Industrial School gave the governor the power of appointment and prescribed the terms, conditions and methods to be pursued in cases of original appointment, or in the case of a vacancy. We are wholly unable to distinguish any difference between that case and the present, because the department of public health and safety was the creature of statute and unknown to the constitution, and the act which created it conferred on the governor the power to make the appointments, and prescribed the terms and conditions on which the appointment should be made, and covered not only the case of an original appointment, but also the case of an appointment to fill a vacancy. The statute itself has been the subject, of construction by the supreme court in Trimble v. The People, 19 Colo. 187. While that particular case did not involve’ the precise question presented by this, the construction which the court gave to that sentence in section 45, regarding the filling of vacancies, must be equally applicable to the sentence respecting the duration of the term of the officer who is appointed to fill a vacancy. According to the opinion of that learned court as expressed in the Trimlle case, the words “all the appointments,” used in the sentence providing for the filling of vacancies, must be taken as applicable to all appointments, whether original or to fill vacancies. The court concludes that the broad and sweeping language which the legislature used in the section which provides for both classes of appointments must be held applicable to both, and that the power of suspension and removal existing in the one case must be held to attach to the other. If this is true where the terms are used in a sentence which directly provides for only one class of cases, a fortiori must it be true that when in the last sentence the legislature has *322 enacted that “ all of said appointments ” shall be made to expire on a fixed date, the language must be applicable not only to the case of an original appointment, but also to the case of an appointment to fill a vacancy. The appointment which Mr. Mullins received gave him the unexpired term running to the second Tuesday of April following the date of his appointment, and he was accordingly entitled to hold the office and receive its emoluments. This disposes of the appeal.
The judgment of the district court was in accordance with this view of the law, and it will accordingly be affirmed.

Affirmed.