[No. 3943.]

MONASH v. RHODES.

OFFICES AND OFFICERS—MEMBER OF BOARD OF PUBLIC WORKS—TERM OF OFFICE—VACANCY.

The power of the governor to fill a vacancy in the office of the board of public works of the city of Denver is controlled by the city charter and not by section 6, article 4 of the constitution, and an appointment to fill such vacancy is for the entire unexpired term, and not until the next meeting of the senate, and the governor is not required to submit such appointment to the incoming senate for confirmation.

*Appeal from the Court of Appeals.*

Mr. I. N. STEVENS and Mr. F. W. LIENAU, for appellant.

Mr. WILLARD RINKLE and Mr. W. W. DALE, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

This case was originally brought in the district court of Arapahoe county; and from a judgment in favor of appellee, an appeal was taken to the court of appeals, where the judgment was affirmed. *Monash v. Rhodes*, 11 Colo. App. 404. A concise statement of the facts of the case will be found in

this opinion.    To review the judgment of the court of appeals the case is brought here, and our jurisdiction is invoked upon the ground that a construction of section 6, article 4 of the constitution is necessary to its determination; it being insisted that the power of the governor to fill vacancies caused by the resignation of members of the board of public works is controlled by this section, and that such appointments, therefore, hold only " until the next meeting of the senate."    The court of appeals rejected this view, and held that section 33 of the charter of the city of Denver, as amended in 1893 (Sess. Laws, 1893, chap. 78), controlled such appointments; and that by virtue thereof, the appointee held the office for the balance of the term for which the resigning member was originally appointed.    The view of the court of appeals is in accord with the doctrine announced by this court in *People ex rel. v. Osborne*, 7 Colo. 605, *Trimble v. People*, 19 Colo. 187, and as approved in *Brown v. People*, 11 Colo. 109.    The case of *Trimble v. People* involved the right of the governor to remove a member of the fire and police board, and presented the same question here urged, to wit, whether this section of the constitution controlled in the appointment and removal of an officer whose appointment was provided for in the statute creating the office.    Chief Justice Hayt, who delivered the opinion of the court, in speaking upon this question, said:

" An analysis of the constitutional provision, however, shows that the officers therein referred to are, first, those whose offices are established by the constitution; second, those whose offices are created by law, the appointment or election to which is not otherwise provided for.    The relator's office does not fall under either class mentioned, for while it is true that his office was created by law, his appointment is also provided for by statute. * * * The office being one of statutory creation, the manner of filling it, and the mode of removal and filling of vacancies being also provided by statute, the case falls clearly outside of those offices to which the constitutional provision relates."

The construction to be given to this constitutional pro-

vision is no longer a debatable question, in cases like the present; and no good purpose would be served in restating the reasons upon which the conclusion reached in the foregoing cases was predicated. The court of appeals, therefore, properly decided that the rights of the parties to this controversy were derived through, and are to be settled and determined by, a proper construction of section 33 of the charter. We fully concur in its construction of this provision of the charter, and in its conclusion that the power conferred upon the governor thereby authorized him to appoint appellee for the unexpired term; and that he was not required to submit the appointment to the incoming senate for confirmation. The judgment of the court of appeals is accordingly affirmed.

*Affirmed.*