Mary Mullarkey Office of the Governor 136 State Capitol Building Denver, CO 80203
Dear Ms. Mullarkey:
This opinion letter is written in response to the inquiry of May 18, 1982 by James L. Kurtz-Phelan.
QUESTION PRESENTED AND CONCLUSION
Does the Governor have authority to make interim appointments to boards of various authorities when the statutes creating those authorities contain the following language: "Each member shall hold office for his term and until his successor is appointed and qualified."
 The Governor does not have authority to replace sitting board members at the expiration of their term and to replace them with interim appointments, subject to the qualifications set forth in the summary.
ANALYSIS
Several statutes establishing authorities such as the Colorado Housing Finance Authority, C.R.S. 1973, 29-4-704(3), and the Water Resources and Development Authority, C.R.S. 1973,37-95-104(4) (Supp. 1981), contain the following language:
 Each member shall hold office for his term and until his successor is appointed and qualified.
This inquiry is governed by the case of People v.Osborne, 7 Colo. 605, 4 P. 1074 (1884). When offices are created by statute, the legislature has complete authority to determine the manner of making original appointments, the terms of the office, the method of filling vacancies and the expiration of the term of the incumbent. In Osborne, the first appointee quit. Osborne was appointed by the Governor to fill the vacancy. At the next session of the legislature, no appointment was made and no successor was appointed. After adjournment of the legislative session, the Governor attempted to replace Osborne. Osborne appealed the attempted replacement. The statute in question provided that the "appointee shall hold office only for the unexpired term of the person whose place he is appointed to fill." The court, interpreting the phrase "shall hold office," concluded that no vacancy existed because there was a qualified person holding the office. Thus, so long as a statute provides that the incumbent should hold over until his successor is duly qualified, a vacancy does not occur and the incumbent has the right to hold over. See also People v. Banta,189 Colo. 474, 542 P.2d 377 (1975).
Furthermore, a reading of the language of each of the statutes which define terms of office indicates that the members hold office until their successors are qualified. Both authorities mentioned in this opinion are created by statute and each provides that members "shall hold office for his term . . .and until his successor is appointed and qualified" (emphasis added). The use of the term "and" indicates that the member occupies his office until his successor is qualified. Qualification does not occur until the appointee has been approved by the legislature. Cf. People v.Banta, supra.
SUMMARY
The Governor does not have interim appointment authority when the statute provides that a member shall hold office for his term and until his successor is "appointed and qualified."
It is important to note that this opinion does not address the following questions related to the Governor's appointment powers:
a. What is the scope of the Governor's authority to appoint replacements for board members who resign or who are removed for cause?
b. What is the scope of the Governor's authority to appoint board members when the legislature has failed to act upon their timely nominations?
c. What is the scope of the Governor's appointment authority when there is no "hold over" provision in the statute relating to the appointment of that board member?
Very truly yours,
 J.D. MacFARLANE Attorney General
GOVERNOR
C.R.S. 1973, 29-4-704(3) C.R.S. 1973, 37-95-104(4)
GOVERNOR, OFFICE OF Administration
The Governor does not have interim appointment authority when the statute provides that a member shall hold office for his term and until his successor is appointed and qualified.