Honorable Richard D. Lamm Governor, State of Colorado 136 State Capitol Denver, Colorado 80203-1792
Dear Governor Lamm:
This is in response to your memorandum of October 22, 1984 in which you request an opinion from the attorney general as to the power of the Governor to make interim appointments to fill appointee vacancies on the State Board of Equalization.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents the following questions:
1. Can the Governor make interim appointments to the State Board of Equalization?
 My conclusion is that appointments made by the Governor to fill appointed vacancy positions on the State Board of Equalization require senate confirmation before the appointees may serve as members of that state board.
2. If the answer to the first question is in the negative, are any votes made by Mr. Eberle prior to receiving your advice considered valid on the theory that he was a de facto
member of the board?
 At the present time this question is academic since Mr. Don Eberle, the Governor's appointee to fill the appointee position vacated by Senator C. Michael Callihan, has not participated as a member of the State Board of Equalization.
ANALYSIS
By executive order A 225 84, dated October 4, 1984, the Governor appointed Donald C. Eberle to the State Board of Equalization (state board) "for a term expiring at the pleasure of the Governor; to fill a vacancy occasioned by the resignation of the Honorable Michael Callihan." Prior to resigning, Senator Callihan was occupying one of the appointee positions on the state board. Colo. Const. art X, § 15(1)(b); section 39-9-101(1), C.R.S. (1984 Supp.). Senator Callihan had previously been appointed by the Governor, on August 30, 1984, "for a term expiring at the pleasure of the Governor" and was confirmed by the senate on August 31, 1983.
The Governor made the interim appointment of Mr. Eberle presumably pursuant to Colo. Const. art. IV, § 6, which reads as follows:
 Section 6. Appointment of officers — vacancy. (1) The governor shall nominate, and, by and with the consent of the senate, appoint all officers whose offices are established by this constitution, or which may be created by law, and whose appointment or election is not otherwise provided for . . . . If the vacancy occurs in any such office while the senate is not in session, the governor shall appoint some fit person to discharge the duties thereof until the next meeting of the senate when he shall nominate and, by and with the consent of the senate, appoint some fit person to fill such office.
Id. (emphasis added).
In the absence of constitutional authority the interim appointment authority in Colo. Const. art IV, § 6, quoted above, would be controlling. However, the questioned appointment is governed by the provisions of Colo. Const. art. X, §15(1)(b) and section 39-9-101(2), C.R.S. (1984 Supp.), the implementing statute. Colo. Const. art. X, § 15(1)(b) pertinently provides as follows:
 (b) There shall be a state board of equalization, consisting of the governor or his designee, the speaker of the house of representatives or his designee, the president of the senate or his designee, and two members appointed by the governor with the consent of the senate. Each of such appointed members shall be a qualified appraiser or a former county assessor or a person who has knowledge and experience in property taxation. The general assembly shall provide by law for the political composition of such board and for the compensation of its members and, with regard to the appointed members, for terms of office, the filling of vacancies, and removal from office. . . .
Id. (emphasis added).
The above quoted provisions of the constitution pertaining to the composition of the state board became effective upon proclamation of the governor on December 30, 1982 after the electorate adopted constitutional amendment No. 1 at the general election in November 1982.
In furtherance of the constitutional requirement that the general assembly shall provide by law "for the terms of office, the filling of vacancies, and removal from office" of the appointed members, the legislature enacted H.B. 1007 (1983 Colo. Sess. Laws 1504-1508). This bill amended section 39-9-101(2), C.R.S. (1984 Supp.) to read, in pertinent part, as follows:
 The members appointed by the governor shall serve at the pleasure of the governor but shall not serve for more than four consecutive years unless reappointed by the governor and reconfirmed by the senate at the conclusion of said four years. Vacancies in either of the appointed positions on the state board of equalization shall be filled by appointment by the governor with the consent of the senate for the unexpired term.
The question presented is one of first impression in view of the recent adoption of the constitutional provision. The legislature, in enacting H.B. 1007, could have made specific provision for interim appointments as it has done in the past but did not do so. Rather, the legislature only stated that vacancies shall be filled by appointment by the governor with the consent of the senate.
In adopting the constitutional provision for the composition of the state board and filling vacancies, the electorate specifically provided that while the power of appointment was with the governor, with senate confirmation, the filling of appointee vacancies would be as provided by the legislature. Again, the implementing statute requires senate consent. This conclusion is also consistent with the interim appointment power in Colo. Const. art. IV, § 6 because the appointment and filling of vacancies has been "otherwise provided for" by the electorate who specified that the general assembly would provide the method to fill vacancies. The legislature has not provided for interim appointments. To the contrary, the legislature has provided that vacancies shall be filled "with the consent of the senate for the unexpired term." People ex rel. v.Capp, 61 Colo. 396, 158 P. 143 (1916). Numerous leading cases concerning the interim appointment power of the Governor have been considered such as People ex rel v. Osborne,7 Colo. 605 (1884); Trimble v. People, etc., 19 Colo. 187,34 P. 944 (1893); People ex rel v. Keating,112 Colo. 26, 144 P.2d 992 (1944); Monash v. Rhodes,27 Colo. 235, 60 P. 569 (1900); People v. Banta, Jr.,189 Colo. 474, 542 P.2d 377 (1975); and People v. Scott,52 Colo. 59, 120 P. 126 (1911). All of these cases are distinguishable.
In conclusion, it is submitted that the Governor has no interim appointment authority to fill the one vacancy on the state board unless such appointment has senate consent.
To construe the statute otherwise would perhaps invite unnecessary litigation concerning the composition of the state board. Since the state board has almost completed all matters required to be accomplished before the next session of the legislature it is submitted that Mr. Eberle should not serve on the state board until the senate acts. Otherwise, the acts of the state board could be brought into issue unnecessarily. You are no doubt aware that two cases are presently pending in district court in which the composition of the board and its actions are under attack due to the alleged improper appointment of Senator C. Michael Callihan to the state board. Certainly, it is my opinion that Senator Callihan was at the very least ade facto officer while serving on the state board and the courts should not render the board's actions invalid. This is the position that has been asserted in the pending lawsuits and it is supported by numerous court decisions. Even so, considering my answer to your first question, the defacto issue should not even arise for Mr. Eberle has not served and should not take office prior to senate confirmation.
SUMMARY
The Governor does not have interim appointment power in this instance pursuant to Colo. Const. art. IV, § 6. The electorate has specifically provided that the general assembly shall provide, by law, the method to be used in filling vacancies. Pursuant to this mandate, the legislature has provided that a vacancy is filled by appointment of the Governor, with senate consent. The senate has not yet consented to the appointment of Mr. Eberle. Therefore, he cannot sit as a member of the state board at this time.
Very truly yours,
 DUANE WOODARD Attorney General
APPOINTMENT TAXATION AND REVENUE CONTINUITY OF GOVERNMENT
Section 39-9-101(2), C.R.S. (1984 Supp.)
Colo. Const. art. X, § 15(1)(b) Colo. Const. art. X, § 6
BD. OF EQUALIZATION
Holding that the governor did not have interim authority under Colo. Const. art. IV, § 6 to fill vacant appointee positions on the State Board of Equalization such appointments require senate consent.