### SHOEMAKER ET UX. *v.* STOBAUGH ET AL.

WILL.—*Devise of Use of Real Estate.*—A testator devised the control, benefit and proceeds of his real estate to his widow, "to help her raise and school all" his children; and also directed, that, when they had been "raised," the widow and children should continue to receive the benefits of such real estate during her life.

*Held,* that, after all the children had attained the age of twenty-one years, they had been "raised," and were entitled, with the widow, to such benefits, during her life, and could maintain an action against her for an accounting.

From the Putnam Circuit Court.

*D. E. Williamson* and *A. Daggy,* for appellants.

WORDEN, J.—Action by the appellants, against the appellees.

Demurrer to the complaint for want of sufficient facts sustained, and exception.

It appears by the complaint, that Jacob Stobaugh, deceased, made a will containing the following clauses :

"I direct, that Ursula, my dear wife, have the full control and benefit of, and proceeds of, my farm, to help her raise and school all of my children.

"I direct, that after my children shall have been raised, that wife and children shall continue to receive the benefit of my farm during her natural lifetime, and at

her death, that my personal property, after paying my son, Jacob P., one hundred dollars, be equally divided among my eight above named children.

"Should either of my daughters marry, and require a bed, cow, or any thing else that can be spared by my family, I direct that the same be granted by my executors, and I direct that all of my real estate be sold at my wife's death, and equally divided among my children."

The testator died in 1849, and the plaintiffs are entitled, by purchase and by descent or devise, to three-sevenths of the estate. We copy the following portion of the complaint, as showing the nature of the plaintiffs' claim:

"And the plaintiffs further charge, that the said Ursula and the said Jacob are now in the full, entire and exclusive possession of the said farm, above described, and have, and are occupying and receiving, the entire rental proceeds of the same, and appropriating said rents to their own exclusive use and benefit; and that, for the last seven years, since the majority of the said Emily, the said Ursula and the said Jacob have rented said farm to one Adam Ellis for five hundred dollars per year, and have collected the rents, five hundred dollars for each year, from said Ellis, and the residue of the products raised thereon, amounting often to two hundred and fifty dollars, all of which they have converted to their own use and benefit, and refuse to account therefor; that said rental is of the reasonable annual value of five hundred dollars, all of which the said Ursula and Jacob have appropriated to their own use, neglecting and refusing to account to these plaintiffs and the other heirs and legatees of the said Jacob, deceased, for any part thereof."

The complaint prays for an accounting, and for general relief.

We have no brief for the appellees, and are therefore not advised upon what ground the complaint was held bad. It seems to us to have been good.

The will of the testator gave to his widow, Ursula, the full control and benefit of the farm, and the proceeds thereof, to help her raise and school the children; but after the children had been raised, the widow and children were to continue to receive the benefit of the farm during the natural life of the widow. We think the children may be regarded as having been raised, when they were twenty-one years of age, and that, when the youngest child arrived at that age, the widow and children, and not the widow alone, were entitled to the benefit of the farm during the life of the widow. The plaintiffs were therefore entitled to their share of the proceeds of the farm accruing after the youngest child arrived at majority.

The judgment below is reversed, with costs, and the cause remanded for further proceedings.