[No. 6110.]

## DEKELT v. THE PEOPLE.

1. **Criminal Law—Indecent Liberties with Children**—Under section 1 of the act of April 6, 1905 (Laws 1905, 181, Rev. Stats., § 1656), the consent of the child does not excuse.—Pp. 527, 528.

The statute is not invalid for not defining indecent liberties. The words have a definite and well understood meaning.—P. 528.

2. **Criminal Law—Trial—Communications with Jury**—Upon trial of an indictment for felony the court should hold no communication with the jury except in the presence of the prisoner and his counsel.—P. 530.

3. **Instruction as to Punishment**—An instruction in a criminal case given in answer to an inquiry from the jury after their retirement, that the lowest penalty, if the accused should be convicted, would be "as low as the court sees fit to give," was held error, as it might have led the jury to believe that only a fine would be imposed, when, by the statute, imprisonment in the penitentiary was prescribed.—Pp. 530, 531.

4. **New Trial—Cause Discovered Pending Writ of Error**—Where, after the jury in a criminal case has retired, the judge, on request from them, gives an erroneous and prejudicial instruction, this not coming to the knowledge of the accused or his counsel until judgment, sentence and writ of error sued out, he may bring it to the attention of the court by an amendment to the bill of exceptions.—Pp. 531, 532.

*Error to Pueblo District Court.*
*Hon. John H. Voorhees, Judge.*

Mr. J. C. ELWELL, for plaintiff in error.

Hon. N. C. MILLER, attorney general, Mr. IRVING B. MELVILLE, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Plaintiff in error was convicted under a statute entitled "An act concerning the taking of indecent liberties with children, and to provide punishment therefor" (Laws 1905, 181; § 1656, Rev. Stats.), and sentenced to a term in the penitentiary. The act in question is as follows:

"Section 1. Any person over the age of fourteen years who shall assault any child under sixteen years of age, and shall take indecent and improper liberties with the person of such child, or who shall entice, allure, or persuade any such child into any room, office, or to any other place for the purpose of taking such immodest, immoral and indecent liberties with such child, or who shall take or attempt to take such liberties with the person of such child at any place, shall be deemed a felonious assaulter, and, on conviction thereof, shall be punished, if over eighteen years of age, by confinement in the penitentiary for a term not more than ten years, and if under eighteen years of age, may be punished by commitment to the state reformatory or to the state industrial school."

From the testimony it appears that the prosecutrix, a girl between the age of fifteen and sixteen years, consented, or at least did not object to the acts charged in the information; and for this reason it is contended by counsel for the defendant that the offense was not proven, because there can be no indecent assault upon a consenting female. The language of the statute seems to imply that there are three distinct acts which will constitute the offense. So far as the case at bar is concerned, it falls within the last, as fixed by the statute, which is as follows: "or * * * who shall take, or attempt to take, such liberties with the person of such child at any place,

shall be deemed a felonious assaulter.'' The statute contains no explicit words on the subject of the consent or non-consent of the child with whom improper liberties are taken, but it is of that character when considered in connection with the evils it is intended to prevent, that it is manifest the consent or non-consent of the child is not a factor in determining the commission of the offense, under that part of the statute last above quoted. The intention of an act is the vital part or essence of it, and in interpreting it the legislative purpose and object are to be borne in mind.—*Brewer v. Harrison,* 27 Colo. 349; *People ex rel. v. Osborne,* 7 Colo. 605. So that the cardinal rule to be observed in construing a statute is to ascertain the intent of the legislature in passing it, and to this end it is to be given that possible construction which will render it effective, and accomplish the purpose of the legislative intent, if such intent can be ascertained and reasonably inferred by permitted legal means.—*Simmons v. Cala. Powder Co.,* 7 Colo. 285; *Rogers v. People,* 9 Colo. 450; *Murray v. Hobson,* 10 Colo. 66.

In ascertaining the intention of the legislature where the words employed in a statute are not explicit, it is permissible to take into consideration the necessity for the law and the remedy in view, and that intention is to be presumed which is consonant with reason and will tend to afford a remedy for the evils which it is the purpose of the law to guard against.—*Croomes v. State,* 40 Tex. Crim. 672. The evident purpose of the law was to protect children under a certain age from those acts which would tend to corrupt their morals, so that the question of the consent or non-consent of those included within the law is not material, because its prime object is to protect the morals of youth by punishing those committing acts having a tendency to corrupt them.

This could not be accomplished if consent to improper liberties would render a person taking them immune from punishment.

It is a fundamental rule to be observed in construing a statute that every law is adopted as a whole, and a clause which, standing alone, might seem of doubtful import, may yet be made plain by a comparison with other clauses or portions of the same law.—*People ex rel. v. Osborne, supra.* Applying this rule to the statute under consideration we find that taking the prohibited liberties by force is denounced as a crime, and as the same section makes it the same crime to commit the prohibited acts without the mention of force, it clearly demonstrates the purpose of the legislature to make the commission of the acts specified an offense, without regard to the consent of the child.

The statute is also attacked upon the ground that it does not describe the actions or conduct which shall constitute the offense for which the accused was placed on trial, and for this reason it is urged that the statute is void, because what might be regarded as immodest, immoral and indecent liberties in one community or with a certain class of persons, would not be so regarded in another community or by another class. It is true that where the terms employed in a statute designating what acts shall constitute a crime are of such uncertain meaning or so confused that the courts cannot discern with reasonable certainty what is intended to constitute the offense, the enactment is void.—Bishop on Stat. Crimes (2d ed.), § 41; *Cook v. State,* 59 N. E. 489; *State v. Mann,* 2 Ore. 238.

There must be a certain standard by which to determine whether or not specified acts constitute a crime. Tested by this rule, the statute under consideration is not invalid. Taking "immodest, im-

moral and indecent liberties'' is the gist of the offense, and when considered in connection with the purpose of the act, the words employed to describe it have a well-understood and definite meaning. Immodest means ''wanting in the reserve or restraint which decorum and decency require;  *  *  *  lewd; as immodest  *  *  *  behavior.'' Some of its synonyms are shameful; impure; unchaste; obscene. Immoral is defined ''inconsistent with  *  *  *  purity or good morals  *  .*  *  vicious, licentious.'' Its synonyms are depraved; impure; unchaste. Indecent means ''unfit to be seen  *  *  *  offensive to modesty and delicacy.'' Its synonyms are shameful; impure; obscene. One definition of liberties is privileges or licenses taken in violation of the laws of propriety.—*Webster.*

So, it is apparent, when we take into consideration that the purpose of the act was to protect the morals of the child, that the legislature employed apt words to describe the offense, because it is evident that the acts constituting the offense means such as the common sense of society would regard as indecent and improper.—*People v. Hicks,* 56 N. W. 1102. True, what shall be regarded as ''immodest, immoral and indecent liberties'' is not specified with particularity, but that is not necessary. The indelicacy of the subject forbids it. The common sense of the community, as well as the sense of decency, propriety and morality which people generally entertain is sufficient to apply the statute to each particular case, and point out unmistakably what particular conduct is rendered criminal by it.—*State v. Millard,* 18 Vt. 574. The law is not invalid for any reason assigned by counsel for defendant; but for an error committed at the trial, which we shall now consider, the judgment must be reversed.

34

After the jury had-retired to deliberate upon the verdict they sent a note to the trial judge, asking what would be the lowest penalty which the court could inflict upon the defendant, to which he replied by writing upon the bottom of the note: ''As low as the court sees fit to give, not exceeding ten years.'' This communication was delivered to the jury. This action was taken without the knowledge or presence of either the defendant or his counsel. In many states it is held to be reversible error for the trial judge to hold any communication with the jury whatever, in the absence of the defendant, when on trial for a felony. In this state the rule has been somewhat relaxed, and we have held that it is only when steps are taken relating to matters affecting the interest of the defendant which the jury are to consider that he is required to be present.—*Holland v. People,* 30 Colo. 94. We also stated, in effect, in the same case, that notwithstanding the relaxation of the rule, the only safe course to pursue after a felony case has been submitted to the jury is for the judge to hold no communication with the jury except in the presence of the accused, and his counsel. Whether or not it was error for the court to instruct the jury on the question of the penalty prescribed by the statute is not the material question, because if it was not proper, then error was committed; and if it was proper, it was erroneous to not instruct them correctly. The law prescribes as a punishment for one over the age of eighteen years violating its provisions a term in the penitentiary not exceeding ten years. The jury may well have understood, from the communication of the trial judge, in answer to their question, that a jail sentence or a fine might be imposed instead of imprisonment in the penitentiary. That they were concerned about the punishment is evidenced from the fact that they communicated with

the judge regarding it, and in the circumstances of this case they might well be. It appears from the testimony that the prosecutrix, although but little more than fifteen years of age, was vicious and depraved in the extreme; that such was her character before she became acquainted with the defendant; that the defendant is a young man only 22 years of age; that the prosecutrix and another girl of about the same age telephoned the defendant and asked him if they might come to the barn where he was employed. In such circumstances the jury might well have hesitated, under the testimony, to bring in a verdict fraught with the consequences of imposing upon him a term in the pentientiary. They might well have considered whether it was wise, or whether any good would be accomplished, in making a felon out of the defendant under the facts of this case. That they were impressed with the view that he should be dealt with leniently is evidenced by the fact that they appended to their verdict: "We recommend the greatest clemency and lightest penalty possible." Error is presumed to be prejudicial unless it affirmatively appears that it was not. We cannot say from the record before us that the defendant was not prejudiced by the action of the court under consideration.

It is contended by counsel for the people that the error of the court in communicating with the jury should not be considered because it was not included in the motion for a new trial. It sufficiently appears from the record that neither counsel nor the defendant knew of this communication until after the motion for a new trial had been denied, sentence pronounced, and the case brought here for review on error, when the defendant and his counsel first learned of the communication, and thereafter brought the matter to

the attention of this court by an amended bill of exceptions. For this reason the defendant is excused from not having called the matter to the attention of the trial court.

The purpose of the statute we have considered is highly commendable. We uphold it as valid. The morals of youth should be protected. The penalty imposed for a violation of the law, a term in the penitentiary only, for those over the age of eighteen years, is severe. In many instances violations of its provisions would justify the infliction of the penalty provided; in others, the penalty is extremely severe, of which the case at bar is a striking example. The sentence imposed upon the defendant was a term in the penitentiary of not less than one year, nor more than fifteen months. The law includes a boy just past the age of eighteen; he might be tempted to violate it by a girl nearly sixteen years of age who, by reason of her environments, experience and depravity would be the real culprit. In such circumstances it would be extremely harsh to inflict upon him the ignominy which would cling to him for the remainder of his life of having worn the stripes of a felon; but it is for the general assembly to prescribe the penalty for the violation of a criminal statute. With this discretion, when exercised within constitutional bounds, the courts cannot interfere.

The judgment of the district court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.