## No. 11,526.

PAXTON *v.* THE PEOPLE.

Decided April 19, 1926.    Rehearing denied May 10, 1926.

Plaintiff in error was convicted of taking indecent liberties with a female child.

### *Affirmed.*

### On Application for Supersedeas.

1. APPEAL AND ERROR—*Conflicting Evidence.*  A verdict based on conflicting evidence will not be disturbed on review.

2. CRIMINAL LAW—*New Trial—Newly Discovered Evidence.*  Motion for a new trial on the ground of newly discovered evidence is properly overruled where the new evidence is merely cumulative and could have been procured and presented to the jury at the trial.

*Error to the District Court of Fremont County, Hon. James L. Cooper, Judge.*

Mr. ORION W. LOCKE, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. LOUIS W. BURFORD, Assistant, for the people.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was charged with taking indecent liberties with a female child and on a verdict of guilty was sentenced to the state reformatory.  To review that judgment he brings error and asks that the writ be made a supersedeas.

The information was filed under section 6696, C. L. 1921, which reads: "Any person over the age of fourteen years who shall assault any child under sixteen years of age and shall take indecent and improper liberties with the person of such child  *  *  *  shall be deemed a felonious assaulter  *  *  *."

It appears that Will and Josephine Paxton are husband and wife. They are the parents of J. E. Paxton, Chris Paxton, Mrs. Albert Swift, and Van Paxton, the defendant. The prosecuting witness, Viola Paxton, is the daughter of said J. E. Paxton and his wife. Prior to May 1, 1925, J. E. Paxton and his family lived at Florence, Colorado, and Will and his wife with their son, the defendant, at Penrose, Colorado. Some time thereafter the three last named removed to Kansas. Defendant was a boy of seventeen years, and Viola, his niece, a girl of fifteen. She was pregnant at the time of the trial and testified that this was the result of intercourse with defendant about the middle of May, 1925, while she was visiting his parents (her grandparents) at their home in Penrose. Both she and her father testified that she had made several such visits, staying over night. Her mother said this never happened but once, but she declined to fix that date, even approximately. Asked if she had not told Mrs. Ewell, a probation officer, that her daughter was never away from home nights except when she stayed at her grandmother's she denied it. On rebuttal Mrs. Ewell testified that at the time and place mentioned Viola's mother had made that statement to her.

The principal defense was an alibi. According to the testimony of Viola and her father, defendant and his family left for Kansas about the first of June; whereas Will and his wife, Mrs. Swift, the defendant, his brother Chris, and Viola's mother, all fixed the date of departure from Penrose as May 10, or before.

Defendant moved for a continuance to the latter part of the term on the ground that the birth of Viola's child would establish defendant's alibi. He also moved for a new trial on the ground of newly discovered evidence concerning the date of his departure from Penrose. Both motions were overruled and those rulings, and the alleged insufficiency of the evidence, are the errors assigned and argued. That argument is liberally interspersed with reflections upon court and jury, and statements of supposed facts and local conditions, wholly unsupported by the record. This case presents a simple question of conflicting evidence of which the jury was the sole judge. There is, beyond doubt, perjury in it, but it is not our province to say where. The birth of a child, whatever its date, would not have been conclusive on the question of defendant's guilt, but, if this child-mother did not survive it, would probably have been so on the question of his conviction. The alleged newly discovered evidence, urged in support of the motion for a new trial, was merely cumulative. It could easily, and should, have been procured and presented to this jury. No one, without seeing and hearing these witnesses, would dare say where truth was, and where falsehood. The jury in the first instance, and the presiding judge on the motion for a new trial, had that advantage. Each of these propositions is too firmly established by reason and authority to justify argument or citation here.

The supersedeas is denied and the judgment affirmed.