## No. 15,273.

### Martinez *v.* The People.

(137 P. [2d] 690)

Decided April 12, 1943. Rehearing denied May 3, 1943.

Mr. JOHN F. MUELLER, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*En Banc.*

MR. JUSTICE GOUDY delivered the opinion of the court.

PLAINTIFF in error, defendant below, brings this case here by writ of error, seeking to reverse a judgment of the district court of the City and County of Denver by which he was declared to be guilty of criminal offenses as charged in the information. He asks for final determination on his application for supersedeas, and, the people joining in the request, we have elected to comply therewith.

The statute under which defendant was convicted is section 65, chapter 48, '35 C.S.A., which provides: "Any person over the age of fourteen years who shall assault any child under sixteen years of age and shall take indecent and improper liberties with the person of such child, or who shall entice, allure or persuade any such child into any room, office or to any other place for the purpose of taking such immodest, immoral and indecent liberties with such child, or who shall take or attempt to take such liberties with the person of such child at any place, shall be deemed a felonious assaulter, and, on conviction thereof, shall be punished, if over eighteen years of age, by confinement in the penitentiary for a term of not more than ten years, * * * ."

Defendant was charged with three distinct and different offenses: First, taking indecent liberties with the person of a child of the age of eight years; second, attempting to take such liberties; third, feloniously enticing, alluring and persuading said child into a room, office and other place for the purpose of taking such liberties. A jury returned verdicts of guilty as charged on the second and third counts of the information, and judgments in conformity therewith followed. The record is silent in regard to the disposition of the first count, but the matter is discussed in the briefs of counsel for both parties on the premise that the jury acquitted defendant thereon, and for the purpose of this opinion it will be so considered.

The pertinent facts are: Defendant, an adult, engaged in the cement contracting business in Denver for many

years, of good repute and character, with no previous criminal charges against him, contracted to repair some sidewalks at the corner of West 33rd avenue and Tennyson street, the work being done August 1 and 2, 1941, by a crew of men employed by him, his only function in connection therewith being to visit the job several times a day and oversee its progress.

Three little girls, of the ages of eight to ten years, were involved in the alleged affair with defendant, and their testimony showed that defendant invited them into his automobile, parked across the street from the work, where he exposed his person to them and attempted to touch the private parts of the little girl here involved.

Counsel for defendant, in his argument, states "that the testimony of the people * * * made out a prima facie case of a completed act of taking indecent liberties with the person of the complaining witness," as charged in the first count, but, arguing the alleged errors as set out in the specification of points, says that the verdicts of the jury finding defendant guilty of the attempt to take indecent liberties, and of enticing and alluring the child into his automobile for such purpose, were and are contrary to the whole evidence in the case; that if the people's evidence was to be believed, defendant committed a completed act, but by the acquittal of said charge, there is no evidence to sustain his convictions; that under the provisions of section 65, chapter 48, '35 C.S.A., an automobile on a public street does not come within the statutory specification of "any room, office or to any other place," and his conviction upon the third count is without statutory authority and void; that the court erred in giving to the jury instruction No. 11.

██ The objection to said instruction will not be considered for the reason that counsel for defendant having objected to the original instruction, as tendered by the people, it was reframed by the court and, as amended, thereafter given to the jury without objection.

Defendant did not question the instruction in his motion for new trial, and it is too late on this review to raise the question for the first time. 16 C.J., p. 1070, §§2513, 2514; *Dill v. People,* 94 Colo. 230, 29 P. (2d) 1035.

The first count charges a completed offense; the second count an attempt to commit the offense. These two crimes are, of course, distinct, and defendant, obviously, in a legal sense, could not be guilty of both. The crux of defendant's argument is that because he was acquitted of the completed act, he could not be convicted of the attempt; that the evidence, without doubt, shows a completed act, or it shows nothing; that it is the function of this court to review and determine from the evidence as presented by the record, that the act was completed, and that the facts can only be interpreted as so showing; that the verdict of the jury that there had been an attempt only is erroneous. Defendant cites numerous authorities where appellate courts have reviewed the record and have reached a conclusion contrary to that expressed by the verdict of the jury; however, a review of the evidence in the case before us does not convince us of the correctness of defendant's contention.

 There is no question as to the rule of law that if a person is charged with a crime, and if the evidence shows a completed act, an acquittal on the charge will preclude a prosecution for an attempt to commit the act. An attempt, in criminal jurisprudence, generally is accepted as meaning an effort to commit a crime, and a direct, ineffectual act done towards its commission. *State v. Thompson,* 31 Nev. 209, 101 Pac. 557; *State v. Prince,* 75 Utah 205, 284 Pac. 108; *Johnson v. State,* 27 Neb. 687, 43 N.W. 425; *People v. Anderson,* 1 Cal. (2d) 687, 37 P. (2d) 67. In *Dekelt v. People,* 44 Colo. 525, 99 Pac. 330, we discussed the subject of indecent assaults, and the taking of indecent liberties, and pointed out that the purpose of the legislature was to protect the morals of the child, and "that the act constituting the offense means such as the common sense of society would re-

gard as indecent and improper." By its instruction No. 10, the trial court told the jury: "If you find the defendant guilty beyond a reasonable doubt on the first count of taking indecent liberties you should find him not guilty of an attempt to take indecent liberties. * * * If you find the defendant not guilty of taking indecent liberties, you should consider the second count, and determine whether or not he is guilty of an attempt to take indecent liberties, and if you find him guilty beyond a reasonable doubt of an attempt to take indecent liberties, you should return a verdict of not guilty of taking indecent liberties as charged in the first count." To this instruction defendant made no objection. There also was a proper instruction with reference to the third count. Thus, the matter was presented to the jury as a fact-finding body; it had all the evidence before it; it had the advantage of seeing and hearing the witnesses; it found, on conflicting evidence, that the act had not been completed, but that defendant was guilty of "enticing, alluring and persuading" the child to enter his car with the intent to take indecent liberties, and that he thereafter attempted to take such liberties. In *Paxton v. People,* 79 Colo. 361, 246 Pac. 276, we said: "This case presents a simple question of conflicting evidence of which the jury was the sole judge." That is the situation here, and the verdicts of the jury will not be disturbed.

This brings us to a consideration of the most serious proposition presented by counsel for defendant; namely, as to the construction to be placed upon the words, "any room, office, or to any other place," as used in the statute, and whether or not the words "or to any other place" include an automobile parked on a public street.

In 59 Corpus Juris, at page 981, section 581, the general rule is well stated as follows: "By the rule of construction known as 'ejusdem generis,' where general words follow the enumeration of particular classes of persons or things, the general words will be construed

as applicable only to persons or things of the same general nature or class as those enumerated, and this rule has been held especially applicable to penal statutes. The particular words are presumed to describe certain species and the general words to be used for the purpose of including other species of the same genus. The rule is based upon the obvious reason that if the legislature had intended the general words to be used in their unrestricted sense they would have made no mention of the particular classes. The words 'other' or 'any other,' following an enumeration of particular classes are therefore to be read as 'other such like,' and to include only others of like kind or character. The doctrine of ejusdem generis, however, is only a rule of construction, to be applied as an aid in ascertaining the legislative intent, and cannot control where the plain purpose and intent of the legislature would thereby be hindered or defeated [*Martin v. Bond,* 14 Colo. 446, 24 Pac. 326; *Gibson v. People,* 44 Colo. 600, 99 Pac. 333; *Wilson v. People,* 44 Colo. 608, 99 Pac. 335]; nor does the doctrine apply where the specific words of a statute * * * embrace all objects of their class, so that the general words must bear a different meaning from the specific words or be meaningless, * * *." Citing, *Kansas City Southern Ry. Co. v. Wallace,* 38 Okl. 233, 132 Pac. 908, 46 L.R.A. (N.S.) 112; and many other cases. The rule of ejusdem generis is resorted to merely as an aid in construction. If upon consideration of the whole law upon the subject, and the purposes to be effected, it is apparent the legislature intended the general words to go beyond the class specifically designated, the rule does not apply. Moreover, where the particular words exhaust the class, then the general words must be given a meaning beyond the class, or be discarded altogether. *Kansas City Southern Ry. Co. v. Wallace, supra.* See, also, 2 Lewis' Sutherland, Statutory Construction (2d ed.) §§436, 437, 438; *United States Cement Co. v. Cooper,* 172

Ind. 599, 88 N.E. 69; *Weiss v. Swift & Co.,* 36 Pa. Sup. Ct. 376.

▉ The intention of an act is the vital part or essence of it, and the cardinal rule in construing a statute is to ascertain the purpose and intent of the legislature in passing it, and to give it every possible construction that will render it effective and accomplish such intent, if it can be ascertained and reasonably inferred by permitted legal means. *Simmons v. California Powder Works,* 7 Colo. 285, 3 Pac. 420; *People ex rel. v. Osborne,* 7 Colo. 605, 4 Pac. 1074; *Rogers v. People,* 9 Colo. 450, 12 Pac. 843; *Murray v. Hobson,* 10 Colo. 66, 13 Pac. 921; *Brewer v. Harrison,* 27 Colo. 349, 62 Pac. 224.

▉ The evident purpose of the law in question in the present case is to protect children under a certain age from those acts which would tend to corrupt their morals, and it is a fundamental rule of statutory construction that every law is adopted as a whole, and a clause which standing alone, might seem of doubtful import, may yet be made plain by a comparison with other clauses or portions of the same law. *Dekelt v. People, supra.*

▉ The statute here under consideration is neither obscure nor indefinite; it was designed to protect the morals of children in any place, and arbitrary rules of construction should not be invoked to restrict its meaning so as to make it applicable only to children who happen to be in rooms or offices, which words exhaust the classes mentioned, and to deny its protection to children elsewhere, or, as expressed in the general words, "to any other place."

We find no error which justifies reversal, and the judgment is affirmed.