## No. 15,634.

### KIDDER *v.* THE PEOPLE.
(169 P. [2d] 181)

Decided April 15, 1946.   Rehearing denied May 20, 1946.

Mr. Benjamin C. Hilliard, Jr., Mr. John R. Barry, for plaintiff in error.

Mr. H. Lawrence Hinkley, Attorney General, Mr. Duke W. Dunbar, Deputy, Mr. James S. Henderson, Assistant, for the people.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

Ross J. Kidder, to whom we hereinafter refer as defendant, was found guilty of a criminal offense by a jury, and he is here seeking a reversal of the judgment of conviction which was duly entered.

The charges set out in the three counts of the information read as follows:

First count. "* * * the said Ross J. Kidder, being then and there a person over the age of fourteen years, did then and there unlawfully and feloniously take indecent and improper liberties with the person of a child under sixteen years of age, * * *"

Second count. "* * * the said Ross J. Kidder, being then and there a person over the age of fourteen years, did then and there unlawfully and feloniously entice, allure and persuade a child under the age of sixteen years, * * * into a certain room for the purpose of taking immodest, immoral and indecent liberties with such child."

Third count. "* * * the said Ross J. Kidder, being then and there a person over the age of fourteen years, did then and there unlawfully and feloniously attempt to take indecent and improper liberties with the person of a child under sixteen years of age, * * *"

The information was filed in the district court at Glenwood Springs August 25, 1944. On or about September 1, 1944, defendant consulted and retained A. F. Zarlengo, an attorney residing in Denver, to represent him in the trial of the cause. According to Zarlengo's affidavit attached to defendant's amended and supplemental motion for a new trial, Zarlengo's wife was in a critical condition in a Denver hospital on December 6, 1944, and because of this fact, he was unable to be present in Glenwood Springs for the trial, which was set for that date. It appears from the record that the critical illness of Mrs. Zarlengo was not called to the attention of the trial court, and no motion for a continuance, based upon that fact, or at all, was presented.

Zarlengo, according to his affidavit, telephoned an attorney at Glenwood Springs, requesting him to present the fact of his wife's critical illness to the trial court and arrange for a continuance. In his affidavit Zarlengo states that a Denver attorney then present in Glenwood Springs, engaged in the trial of a civil case, held a telephonic conversation with him, and was requested by Zarlengo to assist the Glenwood Springs attorney in securing a continuance for the reason noted above.

In the affidavits of defendant and his wife, attached to said amended and supplemental motion for a new trial, is a statement that the Denver attorney contacted them on the night of December 4, 1944, at about midnight, and arranged to meet them on the morning of December 5, 1944, and did meet them. He conversed with them there for less than an hour regarding the trial and evidence to be presented in connection therewith. It appears from these affidavits that this Denver attorney stated that Zarlengo had requested him to try the case, to which defendant protested, stating that he was not acquainted with the attorney and that there was no time for proper preparation for the trial. At the breakfast table this Denver attorney stated that he was entirely able and willing to proceed with the case;

that Zarlengo wished him to do so; and that he had so arranged matters with the district attorney that there would be nothing to the trial. Notwithstanding the fact that defendant and his wife implored the Denver attorney to move for a continuance, the latter persisted in his statements that by reason of his arrangements with the district attorney defendant had nothing to fear and that no time was required in preparation for the trial nor was it necessary for him to interview any witnesses, because of this understanding. The Denver attorney demanded, and defendant paid him for his services prior to the trial the sum of two hundred and fifty dollars, and on December 6, 1944, the attorney announced, "ready for trial," and proceeded with the trial of the cause. This attorney refused at first to prepare a motion for a new trial unless defendant paid him an additional fee, but eventually the motion was prepared by Zarlengo and subscribed by the Denver attorney. Defendant exhausted every means within his power to procure the assistance of the Denver attorney in presenting a proper motion for a continuance, with the results indicated. The Denver attorney did not argue the motion for a new trial, but the same was presented, as a matter of courtesy, by a Glenwood Springs attorney who did not participate in the trial of the cause.

The record discloses that the trial court expressed dissatisfaction with the manner in which defendant's case was presented, as is evidenced by the following excerpt from the record of his remarks: "All the way through it has been impossible, it seems to me, or at least the Court has gotten very little aid from counsel on that side of the case and that has made it difficult * * * it has been difficult all along. When this motion came up, like any other well-disposed man in my position, I certainly don't want to be a party to the perpetration of an injustice, and I had hoped that when this case came on for argument on this motion that counsel would appear here with an array of authorities sustaining some

of these objections that have been heretofore argued just on air. * * * Gentlemen, this matter is one that has caused the Court no little concern, * * * its an odd sort of thing to begin with, in that counsel—I don't know, ever since this matter came up counsel were consulted by the defendant and they have seemed to have shunned him. * * * I think it is true that to some extent counsel actually representing the defendant during the trial of the case, I believe he was at a disadvantage by not having had more time to prepare his case better. It is just one more spot where it makes it more difficult for the Court."

The trial was concluded on December 6, 1944, on which day the jury returned a verdict of guilty on the first count, and not guilty on the second and third counts of the information. No order appears in the record fixing the time within which defendant should file a motion for a new trial. Motion for a new trial was filed on December 29, 1944, and a motion to strike the same because not filed within the time allowed by law was filed on January 2, 1945, and denied. February 13, 1945, the motion for a new trial was heard and denied. Judgment was entered on the verdict, and defendant sentenced to the penitentiary for a term of not less than three nor more than five years.

On the 11th day of April, 1945, defendant, having secured other counsel, moved for leave to file an amended and supplemental motion for a new trial, and a motion in arrest of judgment, which was denied. On the same day defendant moved for leave to tender these motions for filing and was granted time until May 10, 1945, within which to make said tender. On April 30, 1945, defendant tendered the amended and supplemental motion for a new trial and the motion for arrest of judgment, which latter motion was subsequently withdrawn. Because no proper record was made, the trial court committed no error in denying defendant's motion for a new trial.

The statute under which defendant was charged is section 65, chapter 48, '35 C.S.A., and reads: "Any person over the age of fourteen years who shall *assault* any child under sixteen years of age and shall take indecent and improper liberties with the person of such child, or who shall entice, allure or persuade any such child into any room, office, or to any other place for the purpose of taking such immodest, immoral and indecent liberties with such child, or who shall take or attempt to take such liberties with the person of such child at any place, shall be deemed a felonious assaulter, and, on conviction thereof, shall be punished, if over eighteen years of age, by confinement in the penitentiary for a term of not more than ten years, and, if under eighteen years of age, may be punished by commitment to the state reformatory or to the state industrial school." (Italics ours)

There are twenty assignments of error, but two of which we elect to notice, those being: 1. "The court erred in sentencing the plaintiff in error, for that the information, and each of the counts thereof, fails to state a crime;" and 2. failure of defendant's counsel to properly represent him.

1. Having the age requirements of the statute in mind, the four offenses enumerated in the statute are: 1. An assault coupled with taking "indecent and improper liberties"; 2. "entice, allure or persuade any such child into any room * * * for the purpose of taking such immodest, immoral and indecent liberties * * *"; 3. taking "such liberties with the person of such child at any place"; 4. attempt to take "such liberties with the person of such child at any place."

█ In concluding that the statute enumerates and prohibits the four offenses herein set forth, we are not unmindful of our decision in *Dekelt v. People,* 44 Colo. 525, 99 Pac. 330, in which the following statement appears: "The language of the statute [section 65, chapter 48, '35 C.S.A.] seems to imply that there are three dis-

tinct acts which will constitute the offense." We observe that this statement was not necessary for a decision; is obiter dicta and was inadvertent and incorrect.

The Attorney General makes the statement that the three offenses mentioned are: "1. The taking of indecent and improper liberties with the person of a child under sixteen years of age; 2. enticing, alluring or persuading any such child into a room, office or other public place for the purpose of taking such liberties with the person of a child under sixteen years of age; 3. attempting to take such liberties with the person of a child under sixteen years of age." We cannot agree with this statement.

As we have analyzed the first section, when one commits an *assault,* which is in itself a crime (section 66, chapter 48, '35 C.S.A.), and thereafter takes "indecent and improper liberties with the person of a child, an offense is committed. Keeping in mind that defendant was acquitted of the second and third counts in the information, the first count charges no assault, and, consequently, defendant could not be found guilty of the first offense specified in the statute.

Defendant was found not guilty of the second count in the information which charged him with enticement, allurement and persuasion of a child into a room for the purpose of "taking immodest, immoral and indecent liberties with such child" so that the second offense set forth in the statute is not now before us. He was found not guilty of an attempt "to take indecent and improper liberties" with the person of a child under sixteen years of age so that we are not here concerned with this count in the information.

The question then presented for our determination is whether the first count in the information charges a crime under the fourth offense specified in the statute because the charge in the first count in the information upon which defendant was convicted charges the taking of "indecent and improper liberties."

"Indecent and improper liberties" as used in the statute are not synonymous with "immodest, immoral and indecent liberties." *Dekelt v. People, supra.* The legislature having specifically provided that in order that one may be found guilty of taking indecent and improper liberties, there must be in connection therewith an assault, it would be a forced construction to determine that taking indecent and improper liberties without an assault likewise constituted an offense under this statute.

The word "such" appears in connection with "immodest, immoral and indecent liberties" in the second offense specified in the statute, and likewise in connection with the third and fourth offenses enumerated in the statute. If the word "such" occurring in the statement of the second, third and fourth offenses refers to "indecent and improper liberties" as used in the first offense set out in the statute, then we have this anomolous situation: In order to convict one of the second offense specified in the statute, the people are obliged to prove enticement, allurement and persuasion into a room, etc., for the purpose of taking "immodest, immoral and indecent liberties." It is here contended by the people that an attempt to take or the taking of "indecent and improper liberties" is an offense under the statute, while defendant argues that it is only when there is an assault accompanied by "indecent and improper liberties" that one may be found guilty, and in order to be convicted under the third and fourth offenses enumerated in the statute, one must be guilty of an attempt to take, or the taking of, "immodest, immoral and indecent liberties." If the words "such liberties" used in the statute in connection with the third and fourth offenses specified therein refer to "immodest, immoral and indecent liberties," the first count in the information does not charge an offense. If the words "such liberties" as used in connection with the third and fourth offenses refer to "indecent and improper liberties" as used in the

first offense stated in the statute, the first count in the information is good. It thus is apparent that under the people's contention the essential ingredient of "assault" is eliminated and this word is treated as if it were surplusage. The fact that the legislature defines the first offense as an assault, coupled with "indecent and improper liberties," negatives a conclusion that the taking of "indecent and improper" liberties alone constitutes an offense under this statute.

To uphold the contention of the people thus made, would do violence to well recognized rules of statutory construction. We construe the statute in question as providing that if a person fourteen years of age makes an assault and in connection therewith takes indecent and improper liberties with the person of a child under the age of sixteen years, "he shall be deemed a felonious assaulter." The other three offenses enumerated in the statute require allurement, enticement or persuasion of a child under sixteen years of age into a room, etc., for the purpose of taking immodest, immoral and indecent liberties with the person of such child, or taking or attempting to take immodest, immoral or indecent liberties. Under our construction of this statute, it necessarily follows that the count in the information upon which the defendant was found guilty does not state any offense under the law.

We have examined the records in *Dekelt v. People, supra, Paxton v. People,* 79 Colo. 361, 246 Pac. 276, *Koontz v. People,* 82 Colo. 589, 263 Pac. 19, and *Martinez v. People,* 111 Colo. 52, 137 P. (2d) 690, in all of which informations were filed under the statute here involved, and in each record we find that where the offense consisted of taking indecent and improper liberties, the information charged defendant with an assault.

While it is true that no demurrer or motion to quash the information was interposed as required by section 481, chapter 48, '35 C.S.A., nevertheless the question of the sufficiency of the information to charge an

offense may be raised for the first time in an appellate court. *United States v. Leach,* 291 Fed. 788; Joyce on Indictments (2d ed.), p. 374, §337; 42 C.J.S., p. 1337. ·

■ 2. From the record here it clearly appears that defendant was not properly represented by counsel in the presentation of his cause. It is inconceivable to us that an attorney, competent to represent a defendant charged with as serious a crime as here, would not have given sufficient time and attention to the cause of his client to discover the legal deficiency apparent in the information. Counsel was not alert in the protection of his client's interest, and the record discloses that as a consequence of such neglect defendant did not have a fair and impartial trial. Under these circumstances we conceive it our duty, sua sponte, to notice errors even though not formally presented by the record. We cannot permit a man to be incarcerated in the penitentiary for a long period of time and suffer the stigma that attaches to such imprisonment when ,we are convinced that the information does not charge an offense. The trial judge noted the lack of preparation for trial on the part of defendant's counsel and expressed disappointment that counsel had not been as helpful in the presentation of his client's cause as might ordinarily be expected, but in fairness to him it should be stated that the deficiency in the information was not called to his attention. Had it been we are confident he would have acted in consonance with our conclusion herein expressed.

■ We are mindful that the statute enacted by the legislature is designed for the purpose of protecting children from depravity and licentiousness, and we are in entire sympathy with this purpose, but we cannot enlarge its provisions by construction. If the statute is inadequate to fully protect children, that is a matter for legislative consideration and not for the courts.

Neither counsel appearing here nor Mr. Zarlengo represented defendant at the trial, and nothing we have

82

said is to be considered as a reflection upon either of them.

The judgment is reversed.

MR. JUSTICE BURKE, MR. JUSTICE STONE and MR. JUSTICE BAKKE concur in the result solely on the ground that defendant was not properly represented; hence did not have a fair trial. MR. JUSTICE HILLIARD does not participate.