No. 16,560.

CROSS *v*. THE PEOPLE.
(223 P. [2d] 202)

Decided October 9, 1950.

Messrs. MOYNIHAN-HUGHES-SHERMAN, for plaintiff in error.

Mr. JOHN W. METZGER, Attorney General, Mr. VINCENT CHRISTIANO, Assistant, for the people.

*En Banc.*

MR. JUSTICE HAYS delivered the opinion of the court.

AN information containing three counts was filed in the district court against the defendant, plaintiff in error, the first two of which were dismissed by the district attorney, and defendant, waiving a jury, went to trial on the third count of such information, which, in so far as material, alleges that defendant "did unlawfully and feloniously take immodest, immoral and indecent liberties with a female child, to-wit, Nadine Pretiger, who was then and there under the age of fourteen years,

to-wit, of the age of twelve years, contrary to the form of statute in such case made and provided, and against the peace and dignity of the same people of the State of Colorado."

The defendant was found guilty as charged, sentenced to the penitentiary, and here seeks reversal of the judgment.

The statute under which the information was filed provides:

"Any person over the age of fourteen years who shall assault any child under sixteen years of age and shall take indecent and improper liberties with the person of such child, or who shall entice, allure or persuade any such child into any room, office or to any other place for the purpose of taking such immodest, immoral and indecent liberties with such child, or who shall take or attempt to take such liberties with the person of such child at any place, shall be deemed a felonious assaulter, and, on conviction thereof, shall be punished, if over eighteen years of age, by confinement in the penitentiary for a term of not more than ten years, and, if under eighteen years of age, may be punished by committment to the state reformatory or to the state industrial school." '35 C.S.A., chapter 48, section 65.

A sufficient statement of the facts necessary for consideration hereof is contained in the findings of the trial court from which we quote:

"The evidence in the present case establishes the fact that the defendant went to the home of the 15 year old girl, told her mother that he had work for the girl; that the defendant was living in a 2 room house; that this girl with a 12 year old girl, Nadine Pretiger, went to defendant's house about noon; that they remained there until somewhere around 8:30 o'clock that evening; that the defendant had what was described as straight alcohol at his home; that he had a camera and lights fixed for taking pictures after dark; that the girls drank; that

in some way the question of taking pictures was brought up; that the defendant did take photographs of the 12 year old girl. Certainly these photographs were lewd, shameful, improper, unchaste, obscene, depraved, indecent, unfit to be seen. Certainly the act of the defendant in taking the pictures was such as the common sense of society would regard as indecent and improper. It is a fair assumption that the girl wanted her picture taken. In so far as it appears from the evidence the defendant did not touch either of the girls, or make improper advances in the sense of asking that either have sexual intercourse with him. He did not fondle the girls. However, bearing in mind that assault is not essential; that consent is no defense, it still remains that a sense of decency, propriety and morality which people generally entertain, was and is violated by the conduct of defendant, and that defendant's conduct is rendered criminal by the act in question."

The statute here involved has been construed by us in the following cases: *Dekelt v. People,* 44 Colo. 525, 99 Pac. 330; *Paxton v. People,* 79 Colo. 361, 246 Pac. 276; *Koontz v. People,* 82 Colo. 589, 263 Pac. 19; *Martinez v. People,* 111 Colo. 52, 137 P. (2d) 690; *Kidder v. People,* 115 Colo. 72, 169 P. (2d) 181; *Warren v. People,* 121 Colo. 118, 213 P. (2d) 381.

It was argued in *Dekelt v. People, supra,* that no assault was there committed in that the girl involved, being between 15 and 16 years of age, consented to, or at least did not object to, the acts alleged to have been committed. In answer to the contentions therein advanced, we said:

"The statute contains no explicit words on the subject of the consent or non-consent of the child with whom improper liberties are taken, but it is of that character when considered in connection with the evils it is intended to prevent, that it is manifest the consent or non-consent of the child is not a factor in determining the commission of the offense, under that part of the statute

last above quoted. The intention of an act is the vital part or essence of it, and in interpreting it the legislative purpose and object are to be borne in mind [citing cases]. So that the cardinal rule to be observed in construing a statute is to ascertain the intent of the legislature in passing it, and to this end it is to be given that possible construction which will render it effective, and accomplish the purpose of the legislative intent, if such intent can be ascertained and reasonably inferred by permitted legal means [citing cases].

"In ascertaining the intention of the legislature where the words employed in a statute are not explicit, it is permissible to take into consideration the necessity for the law and the remedy in view, and that intention is to be presumed which is consonant with reason and will tend to afford a remedy for the evils which it is the purpose of the law to guard against.—*Croomes v. State,* 40 Tex. Crim. 672. The evident purpose of the law was to protect children under a certain age from those acts which would tend to corrupt their morals, so that the question of the consent or non-consent of those included within the law is not material, because its prime object is to protect the morals of youth by punishing those committing acts having a tendency to corrupt them. This could not be accomplished if consent to improper liberties would render a person taking them immune from punishment."

In *Kidder v. People, supra,* wherein the above statute was carefully analyzed, we said: "1. Having the age requirements of the statute in mind, the four offenses enumerated in the statute are: 1. An assault coupled with taking 'indecent and improper liberties'; 2. 'entice, allure or persuade any such child into any room * * * for the purpose of taking such immodest, immoral and indecent liberties * * *'; 3. taking 'such liberties with the person of such child at any place'; 4. attempt to take 'such liberties with the person of such child at any place.'"

■ We are presently concerned only with the third offense above set out. It is contended on behalf of defendant that under a proper construction of the statute it is not only necessary to allege, but also to prove, in addition to the other elements of the offense, that an assault was committed on the complaining witness, in order to sustain a conviction, and that the mere allegation and proof that defendant "did unlawfully and feloniously take immodest, immoral and indecent liberties" of such child is insufficient under the statute to warrant a conviction.

It was carefully pointed out in *Kidder v. People, supra,* that the phrase "indecent and improper liberties" as used in the first enumerated offense, is not synonymous with the words "immodest, immoral and indecent liberties" as used in the second, third and fourth enumerated offenses, and we further stated: "We construe the statute in question as providing that if a person fourteen years of age makes an assault and in connection therewith takes indecent and improper liberties with the person of a child under the age of sixteen years, 'he shall be deemed a felonious assaulter.' The other three offenses enumerated in the statute require allurement, enticement or persuasion of a child under sixteen years of age into a room, etc., for the purpose of taking immodest, immoral and indecent liberties with the person of such child, or taking or attempting to take immodest, immoral or indecent liberties."

It is obvious from the foregoing that the element of assault is required only in the first enumerated offense, and not in the second, third and fourth offenses set out in said statute, and that the allegation and proof in the instant case was sufficient to sustain defendant's conviction.

The judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE HOLLAND dissent.