MR. CHIEF JUSTICE PRINGLE
delivered the opinion of the Court.
Defendant, William M. Sneed, was charged with a violation of 1971 Perm. Supp., C.R.S. 1963,40-3-102, “Murder in the first degree,” as Count One of a criminal information. (The second count, not involved here, charged that defendant had seriously injured another person by means of a deadly weapon.) He moved to dismiss Count One, asserting that subsection (l)(a) of 40-3-102 was unconstitutional in that the requisite mental state could not be differentiated by court of jury from that of 40-3-103, “Murder in the second degree.” Defendant’s Motion to Dismiss was granted by the *98 trial court, which declared 40-3-103(1 )(a) unconstitutional. The trial court found there was no logical distinction between first and second degree murder, either by interpretation of the statute or interpretation of the words as based on the accepted case law in Colorado, which would enable the court to distinguish for the jury between “premeditated intent” and “intentionally.” The district attorney appeals this order, asserting that the two sections require materially different elements to constitute the offense defined and that the first degree murder statute is therefore constitutional. We agree and reverse the order of the trial court.
The section of the first degree murder statute in dispute provides:
“40-3-102. Murder in the first degree. (1) A person commits the crime of murder in the first degree if:
(a) With premeditated intent to cause the death of a person other than himself, he causes the death of that person or of another person;”
The second degree murder statute provides, in part: “40-3-103. Murder in the second degree. (2) A person commits the crime of murder in the second degree if:
(a) He causes the death of a person intentionally, but without premeditation;”
40-3-101 (l)(c) defines premeditation:
“(c) The term ‘premeditation’ means a design formed to do something at any time before it is done.”
Intentionally is defined in 40-1-601 (6):
“(6) ‘Intentionally’. A person acts intentionally with respect to a result or to conduct described by a statute defining an offense, when his conscious object is to cause that result or to engage in that conduct or when his actions are such as to give rise to a substantial certainty that such results will be produced.”
In arriving at its conclusion that the first degree murder statute was unconstitutional, the trial court found that it could see no substantial difference between “premeditated intent” as required by the first degree murder statute, and *99 “intentionally,” as used in the second degree murder statute. The trial court, although it did not cite Van Houton v. People, 22 Colo. 53, 43 P. 137, constantly referred to a phrase contained therein that the length of time necessary to constitute premeditation is the time interval sufficient for “one thought to follow another.” Here, the trial court fell into error, for it failed to recognize that the legislature could and, as we now hold, did intend to change that definition of premeditation.
To begin the discussion, we advert to some basic principles of constitutional law which must be considered here. In the first place, courts do not seek reasons to find statutes unconstitutional. Rather, it is our duty to presume that the statute involved is constitutional. Furthermore, in order to prevail, one attacking the constitutionality of the statute must prove its invalidity beyond a reasonable doubt. Howe v. People, 178 Colo. 248, 496 P.2d 1040; People v. Prante, 177 Colo. 243, 493 P.2d 1083; People v. Small, 177 Colo. 118, 493 P.2d 15. “If a statute gives a fair description of the conduct forbidden and men of common intelligence can readily apprehend the statute’s meaning and application, it will not be declared unconstitutional for vagueness.” Howe v. People, supra.
Further, we call attention to the cardinal rule that legislative intent is to be ascertained and given effect wherever possible. People v. Lee, 180 Colo. 377, 506 P.2d 136; Cross v. People, 122 Colo. 469, 223 P.2d 202; People v. Morgan, 19 Colo. 504, 246 P. 1024.
“* * * [I]n ascertaining the intention of the legislature the courts should consider the old law, the mischief, and the remedy . . .” People v. Rapini, 107 Colo. 363, 112 P.2d 551.
It is clear that the legislature intended that there be two grades of murder. In no uncertain terms, it said so. The legislature obviously intended premeditation to be a meaningful distinguishing factor, or it would not have specified that first degree murder requires “premeditated intent,” while second degree murder involves causing death “intentionally, but without premeditation.” (Emphasis added).
*100 It is true that if we apply the rule in Van Houton, supra, that premeditation occurs as fast as one thought follows another, then there does not seem to be much difference between “premeditated intent” and “intentionally.” But as we have said, the legislature certainly intended that there be a meaningful distinction between first degree and second degree murder. Accordingly, it is clear that it, as it had the power to do, rejected the definition of premeditation as announced in Van Houton. In effect, by emphasizing that “premeditated intent” and “intentionally, but without premeditation” were different, and that premeditation required design before the act, it indicated deliberation and reflection were necessary to create the premeditated intent.
This means that between the forming of the intent to do the act and the act itself, an appreciable length of time must have elapsed to allow deliberation, reflection and judgment. U. S. v. Mack, 466 F.2d 333 (D.C. Cir.);Howard v. State, 234 Md. 410, 199 A.2d 611; State v. Shirley, 60 Wash.2d 277, 373 P.2d 777. A premeditated act, as is now stated in Senate Bill 7, 1973 Sess. Laws, is never one which has been committed in a hasty or impulsive manner. While, as we have said, the design to kill must precede the killing by an appreciable length of time, that need not be long. Wilson v. State, 261 Md. 551, 276 A.2d 214.
We see no difficulty in instructing a jury as to the difference between first degree murder and second degree murder under the rules we have laid down today.
Since, as we have pointed out, there is a rational difference expressed by the legislature between first degree murder and second degree murder, the constitutional attacks must fail.
The judgment of the trial court is reversed and the cause remanded with instructions to reinstate Count One of the information.
MR. JUSTICE ERICKSON dissents.
MR. JUSTICE KELLEY does not participate.