**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 3 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DENNIS RAY JONES,

Petitioner-Appellant,

v.

ARISTEDES W. ZAVARAS;
KEN SALAZAR, Attorney General
of the State of Colorado,

Respondents-Appellees.

No. 98-1368
(D.C. No. 95-B-3151)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **BARRETT** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Dennis Ray Jones appeals the district court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. He filed his habeas petition before enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), after exhausting his remedies in state court. After receiving a response from respondent, a federal magistrate judge recommended the habeas petition be denied, and the recommendation was adopted by the district court. We grant petitioner's request for issuance of a certificate of probable cause and affirm the district court's order denying habeas relief.

BACKGROUND

Petitioner was convicted in a Colorado state court of first-degree murder and sentenced to life in prison. The conviction was affirmed on direct appeal. See People v. Jones, 551 P.2d 706 (Colo. 1976). The state courts denied petitioner's applications for post-conviction relief. See People v. Jones, 665 P.2d 127 (Colo. Ct. App. 1982), aff'd sub nom. People v. Curtis, 681 P.2d 504 (Colo. 1984). The murder conviction was based on the beating death of petitioner's landlord on May 14, 1973. The prosecution's main witness was a convicted felon, Robert Dale Beavers, who testified that he saw petitioner hit the victim with his fist and return to his own apartment. After about half an hour, petitioner and Beavers returned to the victim's apartment. On the way up the stairs, petitioner said he would kill the victim. Petitioner then broke the lock on

-2-

the victim's apartment and beat him while the witness watched from the doorway. The prosecution also presented an elderly, alcoholic tenant of the same apartment building who testified that between the beatings, the victim had said he had been beaten and he could not call the police because the person who had beaten him would not let him out of his apartment. The defense theory of the case was that petitioner was not at the scene of the crime and did not kill the victim, but some other, unknown person committed the homicide. The facts are more fully reported in the state courts' opinions; we do not repeat them here.

## DISCUSSION

Petitioner claims he was denied his constitutional right to due process and his right to a jury verdict under the Sixth and Fourteenth Amendments when the trial court erroneously instructed the jury on an element of first-degree murder. He also claims he was denied his Sixth Amendment right to the effective assistance of trial counsel because counsel failed to object to the incorrect jury instruction referred to above and failed to request two limiting instructions based on Beavers' testimony. He further asserts he was denied his due process rights when Beavers was permitted to testify that others said petitioner had threatened to harm Beavers.

### Erroneous Jury Instruction - Element of Crime

Petitioner challenges Jury Instruction No. 9, which pertained to the element of premeditation for first-degree murder. Instruction No. 9 stated, in part, "[i]t matters not how short the interval [between the formation of the intent to kill and the act of killing], if it was sufficient for one thought to follow another." State trial record, Vol. I, Jury Instruction No. 9. Shortly before petitioner's trial, the Colorado Supreme Court disapproved that language, and held that premeditation "means that between the forming of the intent to do the act and the act itself, an appreciable length of time must have elapsed to allow deliberation, reflection and judgment . . . [but the] length of time . . . need not be long." People v. Sneed, 514 P.2d 776, 778 (Colo. 1973). Respondents conceded in the district court that Instruction No. 9 was in error.

On habeas review, we consider claims of constitutional errors in jury instructions de novo. See Esquibel v. Rice, 13 F.3d 1430, 1431 (10th Cir. 1994). An error in describing an element of the crime is a "trial error," not a "structural error." California v. Roy, 519 U.S. 2, 5 (1996). Therefore, the error is subject to a harmless-error analysis. See id. The harmless-error inquiry is "whether the error 'had substantial and injurious effect or influence in determining the jury's verdict.'" Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)). Applying this standard to a habeas proceeding, harmless error will be found where the federal reviewing judge "is in

grave doubt about whether a trial error of federal law" affected the verdict. O'Neal v. McAninch, 513 U.S. 432, 436 (1995).

In this case, the issue of intent or premeditation was uncontroverted at trial and on appeal. Cf. Johnson v. United States, 520 U.S. 461, 470 (1997) (in direct appeal of federal conviction, error in jury instructions stating elements of perjury not plain error where missing element of materiality was uncontroverted and petitioner presented no plausible argument that false statements were not material). The error in the jury instruction created no confusion between the elements of first- and second-degree murder because petitioner waived a proposed jury instruction on second-degree murder, so instructions only on first-degree murder were submitted to the jury. See People v. Pearson, 546 P.2d 1259, 1263 (Colo. 1976) (interpreting Sneed to have held that "a trial court must, when requested, give an instruction which explains for the jury the difference between 'premeditated intent' as required in the first-degree murder statute and 'intentionally' as required in the second-degree murder statute.").

The jury necessarily rejected petitioner's theory of the case that someone else committed the homicide. There was evidence that approximately one-half hour elapsed between the first and second beatings. Cf. Sneed, 514 P.2d at 778 ("[T]he design to kill must precede the killing by an appreciable length of time, [but] that need not be long."). There was also evidence that on his way to the

victim's apartment the second time, petitioner stated he intended to kill him. The autopsy revealed that the victim had been beaten about the face and the person who initially discovered the body testified that the victim was badly bruised.

An error in describing the crime "precludes the jury from making a finding on the actual element of the offense." Neder v. United States, 119 S. Ct. 1827, 1834 (1999); see also Roy, 519 U.S. at 7 (Scalia, J., concurring). On this evidence, however, once petitioner's theory of the case was rejected, no jury could reasonably find that petitioner lacked sufficient time to allow for "deliberation, reflection and judgment" to form the requisite premeditated intent for first-degree murder. Sneed, 514 P.2d at 778; cf. Neder, 119 S. Ct. at 1837 (in federal prosecution, where omitted element in jury instruction was uncontested at trial and supported by uncontroverted evidence, preserved error was harmless under Chapman v. California, 386 U.S. 18 (1967), because no jury could reasonably find omitted element was not proven). After reviewing the entire record, we conclude that the erroneous jury instruction on the element of "deliberation" did not have a "substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at 637. Because we are not left in grave doubt about the trial error, the error is harmless. See O'Neal, 513 U.S. at 436.

## Prejudicial Testimony About Petitioner's Threats

Petitioner claims his due process rights were violated when Beavers testified that he had heard from others that petitioner was looking for him and he had an ice pick and a gun. He asserts that the evidence that he had a violent nature was so prejudicial as to render his trial fundamentally unfair. State court evidentiary rulings will not form the basis of federal habeas relief unless they rendered the trial fundamentally unfair. See Chavez v. Kerby, 848 F.2d 1101, 1102 (10th Cir. 1988).

Petitioner acknowledges that the testimony was relevant to Beavers' motivation for talking to the police, but he claims that because Beavers did not state when the threats were made, their relevance to Beavers' motivation was minimal, while the damage to petitioner was great. Petitioner argues that if Beavers heard the threats any appreciable length of time before he was arrested, they could not have motivated him to come forward. Beavers admitted that he spoke to the police only after he was arrested for a parole violation. The challenged testimony was elicited during Beavers' explanation of his arrest and the reasons he then told the authorities about having seen petitioner beat the victim. Moreover, it was clear that Beavers made his statements as a consequence of his arrest in an attempt to better his own position with the authorities. Under the circumstances and in the context of Beavers' testimony, the challenged

statements did not render petitioner's trial so fundamentally unfair as to violate his federal constitutional rights.

Ineffective Assistance of Counsel

Petitioner alleges that he was denied his constitutional right to the effective assistance of counsel when his trial attorneys made the following errors: (1) they failed to object to the erroneous jury instruction discussed above pertaining to "premeditation," (2) they failed to request the limiting instruction also discussed above for Beavers' testimony that petitioner intended to harm him with an ice pick and a gun, and (3) they failed to request an instruction informing the jury that they could discredit Beavers' testimony because he had been convicted of a felony.

A claim of ineffective assistance of counsel presents a mixed question of law and fact which is reviewed de novo. See Cooks v. Ward, 165 F.3d 1283, 1292 (10th Cir. 1998), petition for cert. filed, (U.S. May 14, 1999) (No. 98-9420). To establish that counsel provided ineffective assistance, a habeas petitioner must establish both that his attorneys' representation was deficient and that the attorneys' substandard performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Unless both elements are satisfied, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id.

We have held that the erroneous jury instruction relating to "premeditation" was harmless because it did not have a substantial and injurious effect or influence in determining the jury's verdict. For the reasons and authorities stated in reaching that conclusion, we conclude that the erroneous jury instruction did not prejudice petitioner. Therefore, even assuming that his attorneys' performance was substandard, we reject petitioner's ineffective assistance of counsel claim because he was not prejudiced by his counsels' error. See id. at 697 (reviewing court need not determine whether counsels' performance was deficient; ineffectiveness claim may be disposed of on ground that defendant was not prejudiced).

Petitioner next argues that the decision not to seek a limiting instruction during Beavers' testimony could not have been sound trial strategy to avoid highlighting the testimony. See id. at 689. We need not decide whether counsels' performance was deficient due to their failure to request an instruction that would have highlighted testimony petitioner now claims was so prejudicial that it violated his due process rights. Instead, we determine that the omission did not prejudice petitioner for the reasons stated above.

Finally, we address petitioner's argument that his attorneys provided ineffective assistance of counsel by failing to request an instruction on the use of a witness' prior felony conviction in assessing his credibility, an instruction that

applied only to Beavers. The jury was informed that Beavers was a convicted felon and the defense argued that he gave his statement about petitioner in hopes of receiving leniency on his parole violation. Accordingly, counsels' failure to seek the subject jury instruction "did not render 'the result of the trial unreliable or the proceeding fundamentally unfair.'" Newsted v. Gibson, 158 F.3d 1085, 1092 (10th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 372 (1993)), cert. denied, 119 S. Ct. 1509 (1999).

## CONCLUSION

We have carefully examined the record on appeal, as well as petitioner's arguments and authorities. Although mindful that the evidence against petitioner has been described as "weak," we may not disturb the jury's verdict absent a trial error of federal law that affected the verdict, see O'Neal, 513 U.S. at 436, which is not present here.

Petitioner's application for a certificate of probable cause is GRANTED.

The district court's judgment denying habeas relief is AFFIRMED.


                                    Entered for the Court


                                    Robert H. Henry
                                    Circuit Judge