Opinion by
Mr. Justice McWilliams.
This writ of error concerns Colo. R. Crim. P. 35(b).
In 1957 Carter was charged in four counts with violation of the so-called indecent liberties statute, as such statute then appeared in C.R.S. ’53, 40-2-32. Carter eventually pled guilty to the third count of the information, with the district attorney thereafter withdrawing counts one, two and four. Carter was subsequently sentenced under the sex-offenders act to an indeterminate term in the state penitentiary of not less than one day nor more than life. C.R.S. ’53, 39-19-1.
On March 3, 1959 Carter was transferred from the state penitentiary to the state hospital, and on November 1, 1959 he was released on parole from the latter institution. On June 11, 1962 Carter’s parole was revoked and he was thereupon returned to the state penitentiary under the sentence originally imposed upon him in 1957.
While thus an inmate of the state penitentiary, Carter filed with the sentencing court a motion under Rule 35(b). This motion was summarily denied, and by this writ of error Carter seeks a reversal of the judgment and order of the trial court denying his motion to vacate and set aside the judgment and sentence.
Carter’s over-all contention is that the trial court erred in summarily denying his motion. It is Carter’s position that under Rule 35.(b) the trial court, after causing notice to be served upon the prosecuting attorney, should have held a full hearing and that only then could it “determine the issues and make findings of fact and conclusions of law with respect thereto.” The People, on the other hand, contend that the summary action of the trial court in denying Carter’s motion to vacate was quite proper inasmuch as the motion itself showed that the “prisoner is not entitled to relief.”
*12 Carter’s main argument is that the third count of the information, to which he was permitted to plead guilty, failed to state an offense and therefore, in his own words, he “pled guilty to a non-existent charge.” In support of his contention Carter relies primarily upon Kidder v. People, 115 Colo. 72, 169 P.2d 181.
Stripped of unimportant verbiage, the third count of the information, to which count Carter pled guilty, charged him with unlawfully and feloniously taking “immodest, improper, immoral, and indecent liberties” with the person of a child who was under sixteen years of age. In the Kidder case we held that C.R.S. ’53, 40-2-32, the so-called indecent liberties statute, enumerates and prohibits four offenses and that the “third” offense thus set forth in the statute, having in mind the age requirements of the statute, is the taking of “immodest, immoral, and indecent liberties with the person of such child at any place.”
It is at once apparent that in the third count of the information to which Carter pled guilty he was charged with the taking of “immodest, improper, immoral, and indecent liberties” (emphasis supplied); whereas the Kidder case holds that the third offense enumerated in the indecent liberties statute is the taking of “immodest, immoral, and indecent liberties.” And, therein lies the thrust of Carter’s argument: that the third count of the information to which he pled guilty is defective because in describing his conduct it includes one additional adjective, namely, the word “improper.” In other words, Carter concedes that if he had been only charged with the taking of “immodest, immoral, and indecent liberties,” the charge would have been legally sufficient. But he contends that because the district attorney, in addition to describing Carter’s conduct as “immodest, immoral, and indecent,” saw fit to also label it as “improper,” too, such somehow vitiates the entire charge. With this somewhat tenuous argument we do not agree.
In our view of the matter the use by the district *13 attorney of the word “improper” is, under the circumstances, only surplusage, inasmuch as the district attorney specifically did charge and characterize Carter’s conduct in the language of the Kidder case as being “immodest, immoral, and indecent.” This is, of course, a matter of form only, and C.R.S. ’53, 39-3-7, which was in effect when Carter entered his plea of guilty, provided that objections to the form of an information should be made before trial and that no writ of error should be sustained for any matter not affecting the “real merits” of the offense charged in the information or indictment. Certainly this particular matter did not require the trial court to hold a full-blown hearing into Carter’s motion to vacate, as it could be clearly seen from the motion itself that the particular matter was without merit.
As an off-shoot of the foregoing, Carter alternatively contends that he did not plead guilty to an offense which would subject him to sentencing under the so-called Sex-Offenders Act. C.R.S. ’53, 39-19-1, provided that one who is convicted of the crime of “indecent liberties” may be sentenced thereunder and, as already indicated, Carter in our view did plead guilty to an offense charging him with one of the several methods by which the crime of taking indecent liberties may be committed.
We have examined with care various other points raised by Carter and find none to be of merit.
The judgment is affirmed.
Mr. Chief Justice Sutton and Mr. Justice Day concur.