No. 20238.

GWYNN H. ROBINSON, ET AL., *v*. THE STATE
OF COLORADO, ET AL.
(392 P.2d 606)

Decided May 18, 1964.     Rehearing denied June 15, 1964.

Messrs. Holland & Hart, Mr. Claude M. Maer, Jr., Mr. Ben E. Chidlaw, for plaintiffs in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Richard L. Eason, Assistant, Mr. Floyd B. Engeman, Special Assistant, for defendants in error.

*En Banc.*

Mr. Justice Frantz delivered the opinion of the Court.

We are asked by this writ of error to reverse the negative resolution of the sole question involved in this case and put to itself by the district court: "Is a beneficiary of a trust entitled to a claim of deduction for federal income tax paid on account of a distribution from the trust which is reported on federal returns as taxable income, but which is reported on Colorado returns as principal and not taxable?"

In their initial brief Mr. Robinson and Mrs. Krentler inform the Court that:

"The sole issue to be decided by this Court is whether a trust beneficiary who was liable for and has paid federal income tax on net income of a trust pursuant to federal law can deduct that federal income tax for

Colorado income tax purposes *when the Colorado income tax on that same net income has been paid by the trust in accordance with Colorado law.* The determination of this issue depends upon Section 138-1-12(3), 1953 C.R.S." (Emphasis supplied.)

The question thus stated puts in accurate perspective the problem confronting this Court, since the italicized portion is disputed and is a legal issue in this case.

Gwynn H. Robinson and Catherine M. Krentler (formerly Catherine M. Robinson) were, during the taxable periods involved, husband and wife, and will be referred to in this opinion as the taxpayers. They are no longer husband and wife, and Mr. Robinson has removed to California, while Mrs. Krentler continues to reside in El Paso County, Colorado.

Mrs. Krentler is the sole beneficiary of a trust known as the Catherine Maytag 1st 1944 Trust #P871, dated March 8, 1944. By the terms of the trust, Mrs. Krentler is to be paid $800.00 per month from corpus until she attains the age of twenty-five years, at which time distribution is to be made to her of one-third of the "fair value of the then corpus" of the trust estate.

Mrs. Krentler became twenty-five years of age in the year 1956 and was thereupon paid one-third of the trust estate in accordance with the directions of the trust. For the year 1956 the taxpayers paid federal income tax on such distribution in the amount of $9,293.74 and for the year 1957 they paid federal income tax on such distribution in the sum of $24,055.44, both as determined by the federal director to be due.

These payments were based upon the federal fiduciary income tax return reported by the trust estate, showing $71,331.69 as net income for 1956 arising from the distribution made to Mrs. Krentler. Pursuant to Sections 661 and 662 of the Internal Revenue Code of 1954, said sum was deducted as a distribution, resulting in no federal tax to the trust estate for that year. Under the Federal

Internal Revenue Code of 1954, however, such distribution was taxable to the taxpayers, it being treated as income for which Mrs. Krentler became liable in the sum of $33,349.18, payable $9,293.74 in 1956 and $24,055.44 in 1957.

The trust estate reported and paid Colorado income tax on the net amount of its 1956 income but claimed no deduction for such distribution to Mrs. Krentler because, under the Colorado income tax law, such distribution is treated as corpus and not as taxable income.

The taxpayers in making their Colorado income tax returns have claimed deductions of $9,293.74 paid as federal income tax for the year 1956 and the sum of $24,055.44 for the year 1957. These deductions were disallowed by the director of revenue for Colorado, and this disallowance formed the basis for taxpayers' aggrievement in the district court. There the director's action was sustained.

Certain portions of the Colorado income tax law must be considered. It should be noted that individuals are taxable under C.R.S. '53, 138-1-2, and that estates and trusts are taxable entities under C.R.S. '53, 138-1-4. By C.R.S. '53, 138-1-11(3), a taxpayer is not required to include as gross income "the value of property acquired by gift, bequest, devise, or inheritance but the income from such property shall be included in gross income."

▮ ▮ Since the distribution of the principal by the trust is excluded from the beneficiary's return of income to Colorado, C.R.S. '53, 138-1-12(3) becomes of utmost importance, because no Colorado income tax has been or will be paid by Mrs. Krentler on that part of the distribution from the trust which was reported by her on her federal return as income, and upon which income she paid the amount of federal income tax which is disputed as a deduction. It is immaterial what the income was or what taxes were paid by the trust, either to the federal government or to the State of Colorado.

The trust and the beneficiary are two separate, distinct, taxable entities.

We quote from C.R.S. '53, 138-1-12:

"In computing net income there shall be allowed as deductions:

\* \* \*

"(3) Taxes. Taxes paid during the taxable year, except taxes levied under the provisions of sections 138-1-2 to 138-1-6, taxes on net income paid to another state, or to the District of Columbia, or to a territory or possession of the United States, estate, inheritance, legacy, succession or gift taxes, and taxes assessed against local benefits of a kind tending to increase the value of the property assessed; provided, that a corporation allocating income to this state under the provisions of subsections (2) or (3) of section 138-1-28 may deduct from gross income taxes on net income paid to another state, or to the District of Columbia, or to a territory or possession of the United States.

"*Federal income taxes shall not be allowed as deductions when such are paid on net income on which no Colorado income tax has been paid, and, on which, for any reason whatsoever, no Colorado income tax will be paid.* Federal income taxes are deductible only to the extent they are computed on income subject to tax by Colorado, provided, however, that federal income taxes paid on income from obligations of the United States shall be allowed as a deduction." (Emphasis supplied.)

■ As we view it, the director of revenue of Colorado properly applied the income tax law in substantially holding that the distributive share of the trust estate received by Mrs. Krentler was not a part of gross income within the terms of the Colorado income tax law, even though it was income under the federal income tax law, and therefore no Colorado income tax has been or will be paid by her on such share which was reported on the federal return as income. We hold that the state income tax law admits of no other interpretation.

14

▇▇ Rules of statutory construction are subordinate to the legislative intent where such is made to plainly appear. *Martinez v. People,* 111 Colo. 52, 137 P.2d 690. Deductions and exemptions in taxation are accorded as a matter of legislative grace, 85 C.J.S. Taxation, § 1099, pp. 771-772, and they are not allowed unless clearly provided for. See *Theobald v. The Fort Collins Production Credit Ass'n,* 150 Colo. 1, 370 P.2d 162; *Bedford v. Hartman Bros.,* 104 Colo. 190, 89 P.2d 584.

▇ The legislature treated trust estates and beneficiaries thereunder as different and distinct taxpayers. It directed that the federal income tax is deductible by him only upon whom it is imposed and by whom it is paid. It made clear that the distributive share from the trust estate shall not be included in the taxpayer's gross income, and that being so, that no Colorado income tax has been or will be paid on such share, even though reported as income on the federal income tax return. It ordained that the federal income tax paid on such excluded income is not deductible in computing the Colorado income tax.

Taxpayers' reliance on *Commissioner v. McDonald,* 320 F. (2d) 109, is in our opinion ill-placed. In that case, the court was dealing with gains of a corporation which was in the process of liquidation, and the question there considered was whether state income taxes paid by the corporation were deductible under the federal income tax law. The Court held that they were deductible "on the ground that nonrecognized gains under section 337 *are not wholly exempt income* within the meaning of section 265 (1). We agree and affirm the decision of the Tax Court." (Emphasis supplied.)

There are notable differences between the federal income tax provisions there considered and the tax provisions here probed, particularly relating to the scope of the exemptions under each. Under our statute the distribution involved is not taxable to the trust estate

nor to the beneficiary. But it is pointed out in the federal case that:

"Section 337 in effect says that the gain on the sale of assets by the corporation will not be recognized to the corporation if the corporation, having resolved to liquidate, sells its assets and distributes the proceeds within a twelve-month period to the stockholders who will then have to pay a tax on any gain realized."

We hold that the director of revenue properly disallowed the claimed deductions, and that the trial court appropriately sustained the director's determination. The judgment is accordingly affirmed.