Honorable Tilman M. Bishop State Senator 2697 G. Road Grand Junction, Colorado 81501
Dear Senator Bishop:
QUESTION PRESENTED AND CONCLUSION
I received your September 9, 1977 letter regarding Senate Bill 137 and the applicability of the penalty provisions in C.R.S. 1973, 25-1-114(1)(a) and (4) (see C.R.S. 1973, 25-1-514 and 25-1-716 for similar provisions) to persons violating the non-smoking provisions of the bill.
 In my opinion, the clear intention of the legislature to exclude a penalty provision from SB 137 and to make the law concerning control of smoking in certain public places educational and exemplary precludes the application of the general penalty provisions found in title 25. Thus, persons violating SB 137 would not be subject to the $1,000 fine or to imprisonment in the county jail.
ANALYSIS
It is one approach to assume that, since SB 137 was statutorily placed with title 25, the general penalty provisions of that statute would apply. However, it is also a rule of statutory construction that the legislature's intent must be ascertained and given effect. Conrad v. City of Thornton, 553 P.2d 822
(Colo. 1976); People v. Marques, 184 Colo. 262,520 P.2d 113 (1974); Martinez v. People, 111 Colo. 52,137 P.2d 69 (1943). And it is clear in Colorado that other rules of statutory construction are subordinate to effectuating the legislative intent when that intent is plainly apparent.Robinson v. State, 155 Colo. 9, 392 P.2d 606 (1964).
There is clear evidence that SB 137 was intended by the legislature to be merely an educational law without specific penalties. The Senate's version of the bill, as drafted by Senator Fowler and as amended in the Senate Appropriations Committee, made a violation of the statute a class 2 petty offense with a $2 fine (originally a $10 fine) upon conviction. Senate Journals, February 6, 1977, at 293-94 and February 22, 1977, at 344. Through a staff error, the penalty provisions were deleted in the House State Affairs Committee. House Journal, April 15, 1977; conversation with David Hite on September 16, 1977. The deletion was, however, assented to by the bill's sponsors, Senator Fowler and Representative Younglund, when the bill, without the penalty clauses, was favorably adopted by the House Business Affairs Committee. Debate on SB 137, House Business Affairs, Room G, May 3, 1977, at 8:03 to 8:37 a.m. When Representative Swalm stated that the bill "Takes out the penalty clause," Representative Younglund responded: "Because it's an educational bill which I think it can be." Id. Given this clear indication of the statute's purpose, the legislature's intent is controlling. See Estate of Plich v.American National Bank, 141 Colo. 425, 348 P.2d 706 (1960). Therefore, the general penalty provisions of title 25 may not be invoked against persons who violate the provisions of SB 137.
SUMMARY
The clear intention of the legislature to exclude a penalty provision from SB 137 (1977 Session) (since codified as C.R.S. 1973, 25-14-101, as amended) and to make the law concerning control of smoking in certain public places educational and exemplary precludes the application of the general penalty provisions found in title 25 of the 1973 Colorado Revised Statutes.
Very truly yours,
 J.D. MacFARLANE Attorney General
PENALTIES STATUTORY CONSTRUCTION
S.B. 137 (1977 Sess.)
C.R.S. 1973, 25-1-114
C.R.S. 1973, 25-1-716 C.R.S. 1973, 25-1-514
LEGISLATIVE BRANCH General Assembly Senate
The clear intention of the legislature to exclude a penalty provision from SB 137 (1977 Session) (since codified as C.R.S. 1973, 25-14-101, as amended) and to make the law concerning control of smoking in certain public places educational and exemplary precludes the application of the general penalty provisions found in title 25 of the 1973 Colorado Revised Statutes.