**CRAY COMPUTER CORPORATION; and Terry Willkom, in his official capacity as Liquidating Trustee of Cray Computer Corporation, Plaintiffs–Appellants,**

v.

**COLORADO DEPARTMENT OF REVENUE; and Renny Fagan, in his official capacity as Executive Director of the Colorado Department of Revenue, Defendants–Appellees.**

No. 97CA2076.

Colorado Court of Appeals,
Div. IV.

March 4, 1999.

Rehearing Denied April 15, 1999.

Certiorari Granted Nov. 8, 1999.

Holland & Hart, LLP, Alan Poe, Jeffrey R. Thomas, Greenwood Village, Colorado, for Plaintiffs–Appellants.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Mark W. Gerganoff, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

Parcel, Mauro & Spaanstra, P.C., James D. Butler, Denver, Colorado, Amicus Curiae for Cyprus Western Coal Co. and Cyprus Empire Corporation.

Opinion by Judge RULAND.

The sole issue in this appeal is the proper application of the state sales tax exemption allowed under § 39–30–106, C.R.S.1998, of the "Urban and Rural Enterprise Zone Act" (Enterprise Act). Plaintiffs, Cray Computer Corporation and Terry Willkom, appeal from a judgment dismissing their complaint against defendants, Colorado Department of Revenue and Renny Fagan in his official capacity as its Executive Director. We reverse and remand with directions.

According to Cray's complaint, it conducted a manufacturing operation until March 1995 when the company filed for reorganization under the United States Bankruptcy Code. Pursuant to that proceeding, the Bankruptcy Court approved a sale in August by Cray to M/A–COM, Inc., of machinery Cray used to manufacture certain products. The total purchase price was $6,585,000. Pursuant to the agreement between Cray and M/A–COM, Cray was responsible for any state or county sales tax.

The machinery purchased from Cray was to be used solely and exclusively by M/A–COM within an "enterprise zone" as defined in the Enterprise Act to manufacture tangible personal property for sale. *See* § 39–30–103, C.R.S.1998.

Plaintiffs asserted that, under the Enterprise Act, the entire transaction was exempt from the state sales tax. The Department contended that only $150,000 of the sales price was exempt and the Executive Director so ruled in a deficiency proceeding. On ap-

peal to the district court, that court agreed with the Department.

According to the legislative declaration for the Enterprise Act, the General Assembly announced a new policy for Colorado in 1986. Specifically, in order to provide incentives for private enterprise to expand and for new businesses to locate in economically depressed areas, a pilot program was established for tax incentives. The purpose was to provide more job opportunities in areas that qualified for and were designated as "enterprise zones." *See* § 39–30–102, C.R.S. 1998.

Once an enterprise zone had been designated, the statute in effect in 1995 provided that a purchase of machinery used solely to manufacture tangible personal property in that zone was exempt from sales tax. Such purchases could not exceed $10 million in each calendar year. This section then provided:

> The provisions of section 39–26–114(11) shall govern the administration of this subsection (1), *except to the extent that such section and this subsection (1) are inconsistent.*

Colo. Sess. Laws 1995, ch. 49, § 39–30–106 at 137 (emphasis supplied).

Section 39–26–114(11), C.R.S.1998, is a provision in the "Emergency Retail Sales Tax Act of 1935." This section contains other requirements for tax exemptions including a provision that the machinery qualify as "Section 38" property under the Internal Revenue Code of 1954. Section 39–26–114(11)(d), C.R.S.1998. Used manufacturing equipment qualifies as "Section 38" property only to the extent of $150,000. *See* 26 U.S.C.A. §§ 38(c)(1) and (2) (1986).

■ Plaintiffs contend, among other things, that the $150,000 limitation in Section 38 is inconsistent with the Enterprise Act and, therefore, not applicable to this transaction. We agree with this contention and, thus, do not address the other arguments advanced by plaintiffs.

Initially, to the extent that the Department argues that any right to an exemption must be established "clearly" pursuant to the analysis in *Colorado Department of Revenue v.*

*Woodmen of the World,* 919 P.2d 806 (Colo. 1996), we read that opinion as restating the rules of statutory construction applicable to the interpretation of taxing statues and not as changing those rules.

■ Further, we recognize, as the Department argues, that its administrative interpretation of the Act is entitled to certain deference as the agency charged with its enforcement. *See Howard Electrical & Mechanical, Inc. v. Department of Revenue,* 771 P.2d 475 (Colo.1989); *Spedding v. Motor Vehicle Dealer Board,* 931 P.2d 480 (Colo.App. 1996). However, an administrative construction of the legislation at issue is not binding on this court if that construction misapplies or misconstrues the statute. *See Roberts v. Board of Assessment Appeals,* 883 P.2d 588 (Colo.App.1994).

■ Finally, we are also aware that tax exemptions are characterized as a matter of legislative grace and must be strictly construed. *See Robinson v. State,* 155 Colo. 9, 392 P.2d 606 (1964). As a result, any ambiguity in the language of an exemption statute is construed against the taxpayer. *See Broadmoor Hotel, Inc. v. Department of Revenue,* 773 P.2d 627 (Colo.App.1989).

■ Turning then to the construction of the statute, we look first to the language adopted by the General Assembly to determine its intent. In that review, we apply the plain and ordinary meaning of the words used. And, if the meaning of the statute is clear and unambiguous, we need not resort to other rules of statutory construction. *See Colorado Department of Revenue v. Woodmen of the World, supra.* Similarly, if the statute's meaning is clear, we do not construe the statute against the taxpayer.

Here, the Enterprise Act does not expressly limit the exemption for machinery in an enterprise zone to new machinery. Indeed, given the stated policy of the Enterprise Act to provide incentives for private enterprise to locate in economically depressed areas in order to provide more jobs, that limitation could significantly undermine the stated objective of the General Assembly.

Thus, we conclude that there is a material inconsistency between the Enterprise Act and the limitations for used machinery allowed under Section 38 of the Internal Revenue Code. Accordingly, we resolve that inconsistency by adhering to the Enterprise Act, and we hold that the entire purchase price is exempt from taxation.

We find further support for this interpretation in legislative action taken after the Enterprise Act's adoption. In 1995, § 39–30–106 was amended to eliminate the $10 million limitation on annual purchases that was included in the 1986 version; however, the General Assembly did not limit the exemption to new, as distinguished from used, machinery.

Accordingly, the judgment is reversed, and the cause is remanded for entry of an order allowing the exemption for the entire purchase price.

Judge NEY and Judge ROTHENBERG concur.