**TCI SATELLITE ENTERTAINMENT, INC., Petitioner–Appellee,**

**Colorado State Board of Assessment Appeals, Appellee,**

**Mary E. Huddleston, Property Tax Administrator, Intervenor– Appellee,**

v.

**BOARD OF EQUALIZATION OF MONTEZUMA COUNTY, Respondent–Appellant.**

No. 99CA0975.

Colorado Court of Appeals, Div. IV.

April 13, 2000.

Certiorari Granted Oct. 10, 2000.

Morrison & Foerster, LLP, Thomas H. Steele, Neil I. Pomerantz, Lisa R. Brenner, Denver, Colorado, for Petitioner–Appellee.

Ken Salazar, Attorney General, Larry A. Williams, First Assistant Attorney General, Denver, Colorado, for Intervenor–Appellee.

No Appearance for Appellee.

Bob D. Slough, County Attorney, Cortez, Colorado, for Respondent–Appellant.

Opinion by Judge VOGT.

In this property tax case, respondent, the Montezuma County Board of Equalization (BOE), appeals an order of the Board of Assessment Appeals (BAA) granting petitioner, TCI Satellite Entertainment, Inc. (TCI), an exemption from taxation for the 1998 tax year for business personal property valued at $220,950. Mary E. Huddleston, the Property Tax Administrator (PTA), has intervened in the appeal. We reverse the BAA's order and remand the cause for further proceedings.

The personal property at issue in this case consists of satellite receiving dishes, converter boxes, and remote controls for the converter boxes. These items are leased to TCI's customers to facilitate the reception and decoding of TCI's satellite transmissions. TCI retains ownership of the property and is responsible for any taxes on it. During 1998, TCI owned such property at 419 different locations in Montezuma County.

The county assessor sent TCI four property tax declaration schedules, one for each of four taxing areas in the county where TCI owned property. TCI signed and returned the schedules, attaching to them a list of the 419 locations in the county at which its property was found. The list stated the value of the property (ranging from $240 to $1,299) at each location.

The assessor assigned a total actual value of $220,950 to all the property, and sent TCI four tax bills totaling $4,929.06.

After the BOE denied TCI's request for review, TCI appealed to the BAA. TCI contended that its property was exempt from taxation under § 39–3–119.5, C.R.S.1999, which provides an exemption for personal property valued at $2,500 or less if such property "would otherwise be listed on a single personal property schedule." Noting that the PTA had directed assessors to apply the exemption to property on a "per business location" basis, the BAA agreed with TCI that its property was exempt, and accordingly ordered the county assessor to reduce the 1998 actual value of the property from $220,950 to zero.

On appeal, the BOE contends that the BAA misconstrued § 39–3–119.5, and that the statute, as interpreted and applied here, violates constitutional provisions mandating equality and uniformity in taxation. Because we agree with the BOE that the BAA's construction of the statute was erroneous and that its order must therefore be reversed, we do not reach the constitutional issues.

Our task in construing the statute is to ascertain and give effect to the legislative intent. In order to determine that intent, we look first to the language of the statute, giving effect to each word and phrase and applying the plain and ordinary meaning of the words used. When the statutory language is clear and unambiguous, we need not resort to other rules of statutory

construction. *AviComm, Inc. v. Colorado Public Utilities Commission,* 955 P.2d 1023 (Colo.1998); *Cray Computer Corp. v. Colorado Department of Revenue,* 988 P.2d 652 (Colo.App.1999).

■ While the construction of a statute by the agency charged with its administration is entitled to deference, courts are not bound by that construction where the result reached by the agency is inconsistent with legislative intent as manifested in the statutory text. *Boulder County Board of Equalization v. M.D.C. Construction Co.,* 830 P.2d 975 (Colo.1992).

Section 39–3–119.5, which was enacted in 1996, has not previously been construed in any reported appellate decision. The statute provides:

> For property tax years commencing on and after January 1, 1997, personal property not otherwise exempt from property tax shall be exempt from the levy and collection of property tax *if the personal property would otherwise be listed on a single personal property schedule* and the actual value of such personal property is two thousand five hundred dollars or less (emphasis added).

■ TCI contends that the BAA properly interpreted the $2,500 exemption in § 39–3–119.5 as applying to property on a "per business location" basis, even where, as here, multiple locations are listed on a single personal property schedule. TCI points out that the PTA has so construed the statute, that her reference manual—which is binding on county assessors, though not on reviewing courts, *see Huddleston v. Grand County Board of Equalization,* 913 P.2d 15 (Colo. 1996)—directs assessors to apply the exemption based on business location, and that 59 of Colorado's 63 counties have followed the PTA's mandate and applied the exemption on a per-location basis.

■ We conclude that such an interpretation is contrary to the plain language of the statute, which exempts property valued at $2,500 or less only if the property "would otherwise be listed on a single personal property schedule." While neither § 39–3–119.5 nor other property tax statutes define the precise circumstances in which personal property is to be listed on a single schedule, we do not view that fact as rendering the phrase itself ambiguous.

Although TCI's property at each customer location was valued at less than $2,500, TCI did not file a separate schedule for each location; rather, multiple locations were encompassed in a single schedule, and the total property value per schedule far exceeded $2,500. The plain language of § 39–3–119.5 does not contemplate an exemption in these circumstances.

■ Further, even if we were to find the statute ambiguous because it does not define the circumstances in which property is "otherwise ... listed on a single personal property schedule," the legislative history of § 39–3–119.5 offers additional support for the conclusion we reach here. The sponsor of the legislation—whose contemporaneous statements are relevant as an indication of legislative intent, *see Hyland Hills Park & Recreation District v. Denver and Rio Grande Western Railway Co.,* 864 P.2d 569 (Colo. 1993)—explained its purpose as follows:

> There are a lot of businesses out there that have less than $2,500 worth of personal property ... small offices, an accounting office, ... a day care center. There's a lot of businesses that have very little in the way of personal property tax, but they have to go through the same filing process ... as everyone else, and the counties themselves, the assessors and treasurers, have to go through all their work of assessing, sending out notices, sending out bills, following up if you don't pay, and trying to enforce collection, and so on and so forth. It's really just not practical....
>
> ....
>
> [A]bout 75,000 accounts, which is roughly half the accounts in the state of Colorado, ... would just go away if we pass this bill. Now the loss of revenue would be a little over 1% of the total personal property tax revenue collected statewide which is about ... 20% of the total tax....
>
> ....

[W]e're ... really kidding ourselves if we think anyone is making any money on the local government level....

....

The local government is out there doing these collections, and basically, I consider it just a waste of time and money. But more than that, the people who own these small businesses, the day care centers, the accountants' offices, the rental properties, or whatever they are, they have to go through one more road block to doing their yearly paperwork.... [I]f we can get rid of one tax return, that they don't even have to file it, they don't have to fill it out, they don't have to mess with it at all, we make life just a little bit easier for that small business....

*Hearings on HB 96–1267 Before the House Committee on Finance,* 60th General Assembly, Second Session (Feb. 8, 1996) (statement of Rep. Lamborn).

These comments indicate that the intent of the General Assembly in enacting § 39–3–119.5 was to eliminate unnecessary and costly paperwork for counties and small businesses in situations where the minimal revenue collected did not justify the costs of collection. Granting TCI an exemption for property valued at $220,950 does not further that intent.

The PTA argues that her interpretation is consistent with the authority granted to the General Assembly under Colo. Const. art. X, § 20(8)(b)(the "Taxpayers' Bill of Rights," or TABOR), to enact exemptions to reduce or end business personal property tax. While TABOR did give the General Assembly such authority, and while the expressed intent of § 39–3–119.5 was to eliminate business personal property tax in some circumstances, neither the language of the statute nor the legislative history supports a conclusion that the General Assembly intended to exempt from taxation the property at issue here.

The order of the BAA is reversed, and the cause is remanded for entry of an order consistent with the views expressed in this opinion.

Judge MARQUEZ and Judge TURSI * concur.