**Leonard QUERCIOLI, Plaintiff–Appellant,**

v.

**COLORADO DEPARTMENT OF NATURAL RESOURCES, DIVISION OF WILDLIFE, Defendant–Appellee.**

No. 08CA0935.

Colorado Court of Appeals, Div. V.

Dec. 24, 2008.

Arckey & Reha, LLC, John F. Reha, Littleton, CO, for Plaintiff-Appellant.

John W. Suthers, Attorney General, Nathan F. Donovan, Assistant Attorney General, Denver, CO, for Defendant-Appellee.

Opinion by Judge VOGT.

In this judicial review action, plaintiff, Leonard Quercioli, appeals the district court judgment upholding the twenty-five-year suspension of his hunting and fishing license privileges imposed by defendant, the Colorado Department of Natural Resources, Division of Wildlife. We reverse and remand with directions.

## I.

Plaintiff's hunting and fishing privileges were suspended from November 1, 1998 through October 31, 2000, based on his violation of various wildlife laws. While that suspension was in effect, plaintiff purchased additional hunting and fishing licenses, thereby violating the then-existing version of section 33–6–106(6), C.R.S.2008. (Although section 33–6–106 was amended in 2003, the relevant portions of the statute are substantially unchanged, and we refer to the 2008 codification for convenience.) Defendant notified plaintiff that, pursuant to section 33–6–106(6), this violation required a two-year extension of his existing suspension.

Plaintiff's license privileges were reinstated in 2002, but he was convicted in 2005 of additional wildlife violations. Based on these convictions, plaintiff's hunting and fishing license privileges were suspended for five years. The hearing officer concluded that the five-year suspension was plaintiff's third suspension, and he therefore suspended plaintiff's license privileges for an additional twenty years pursuant to section 33–6–106(8), C.R.S.2008, the "three strikes" provision of the license suspension statute. That ruling was upheld on administrative appeal.

Plaintiff then brought this action for judicial review pursuant to section 24–4–106, C.R.S.2008. He did not challenge the five-year suspension imposed for his 2005 convictions, but he argued that defendant's decision to suspend his privileges for an additional twenty years was contrary to law because (1) he did not have the requisite three license suspensions necessary to trigger section 33–6–106(8), and (2) if section 33–6–106(8) were deemed applicable, it did not authorize anything less than a lifetime suspension. The district court rejected his contentions and upheld defendant's decision.

## II.

Plaintiff contends that the two-year extension of an existing suspension authorized under section 33–6–106(6) does not count as a separate suspension for purposes of section 33–6–106(8), and that defendant and the district court erred in concluding to the contrary. We agree.

## A.

A reviewing court may set aside a decision by an administrative agency only if the decision is clearly erroneous, without evidentiary support in the record, or contrary to law. We review the district court's determination de novo. *Leichliter v. State Liquor Licensing Authority,* 9 P.3d 1153, 1155 (Colo. App.2000).

While the construction of a statute by the agency charged with its administration is entitled to deference, courts are not bound by that construction where the result reached by the agency is inconsistent with legislative intent as manifested in the statutory text. *TCI Satellite Entertainment, Inc. v. Board of Equalization,* 9 P.3d 1179, 1181 (Colo.App.2000), *aff'd sub nom. Huddleston v. Board of Equalization,* 31 P.3d 155 (Colo. 2001); *see Sigala v. Atencio's Market,* 184 P.3d 40, 42 (Colo.2008) (agency's interpretation of statute will be overturned on appeal if it is clearly erroneous, arbitrary, or otherwise not in accordance with the law).

In reviewing an agency's interpretation of a statute, we rely on basic rules of statutory construction. *City of Commerce City v. Enclave West, Inc.,* 185 P.3d 174, 178

(Colo.2008). To determine the legislative intent, we look first to the language of the statute, giving effect to each word and phrase and applying the plain and ordinary meaning of the words used. *TCI Satellite Entertainment,* 9 P.3d at 1180. In addition, we read and consider the statute as a whole, so as to give effect to all its parts. *People v. District Court,* 713 P.2d 918, 921 (Colo.1986).

Applying these principles here, we conclude that defendant's interpretation is contrary to the plain language of section 33–6–106, C.R.S.2008.

### B.

Plaintiff's twenty-year suspension was imposed pursuant to section 33–6–106(8), which states:

> If a person's privilege of applying for, purchasing, or exercising the benefits conferred by any or all licenses issued by the division is suspended three or more times pursuant to this section, such person shall receive a lifetime suspension of such privileges.

To determine whether plaintiff's license was "suspended three or more times pursuant to this section," we look first to the plain language of section 33–6–106.

Section 33–6–106(1), C.R.S.2008, gives the Wildlife Commission the exclusive authority to suspend hunting and fishing licenses, "for a period not to exceed five years," in certain enumerated circumstances. For example, and as relevant here, section 33–6–106(1)(a), C.R.S.2008, authorizes such a suspension if an applicant or a licensee has "been convicted of violations of articles 1 to 6 of this title totaling twenty or more points in any consecutive five-year period." Plaintiff's 1998 and 2005 suspensions were imposed in accordance with this subsection based on his accumulation of twenty or more license suspension points within a five-year period.

Section 33–6–106(6), upon which plaintiff's two-year suspension from 2000 to 2002 was based, states in relevant part:

> Any person whose license privileges have been suspended shall not be entitled to purchase, apply for, or exercise the benefits conferred by any license issued by the division until such person's suspension has expired. Any person who violates this subsection (6) is guilty of a misdemeanor and, upon conviction, shall be punished by a fine of five hundred dollars. *Conviction under this subsection (6) shall result in an automatic two-year extension of the existing suspension added to the end of the original suspension ....*

(Emphasis added.)

Section 33–6–106(6) unambiguously provides that a conviction for purchasing a license while the purchaser's license privileges are suspended results in an automatic two-year extension of the existing suspension, added to the end of the original suspension. The statute does not, however, state that the "automatic two-year extension" constitutes a separate suspension that could count as one of the three suspensions necessary to trigger section 33–6–106(8).

When section 33–6–106(8) was added in 2003, *see* Ch. 305, sec. 4, 2003 Colo. Sess. Laws 1940–41, the General Assembly did not amend section 33–6–106(6) to state that a conviction for violating it would result in an additional suspension or a separate suspension; rather, it left unaltered the statutory language providing that the penalty was to be an "extension of the existing suspension." That language signifies that the penalty lengthens a current continuing suspension, *see Webster's Third New International Dictionary* 796 (1981) (defining "exist" as "to continue to be: maintain being"), but does not create a new suspension.

We also note that the penalty imposed pursuant to section 33–6–106(6) differs from the suspensions authorized under section 33–6–106(1). Suspensions under section 33–6–106(1) generally depend upon the accumulation of suspension points, which are not assessed for violating section 33–6–106(6). Additionally, section 33–6–106(1) permits penalties in excess of the automatic two-year extension provided in section 33–6–106(6).

In sum, under the plain language of section 33–6–106(6), and upon consideration of section 33–6–106 as a whole, a two-year extension of an existing suspension is not itself a separate suspension for purposes of section

33–6–106(8). Therefore, defendant's reliance on plaintiff's 2000–2002 extension of his existing suspension as one of the three "strikes" required to trigger section 33–6–106(8) was contrary to law and cannot stand.

In light of our determination, we need not address plaintiff's additional contention that there is no statutory authority for imposing less than a lifetime suspension under section 33–6–106(8).

The judgment is reversed, and the case is remanded to the district court with directions to reverse the portion of defendant's decision that imposed an additional twenty-year suspension of plaintiff's hunting and fishing license privileges pursuant to section 33–6–106(8).

Judge RUSSEL and Judge GABRIEL concur.